STATE of Indiana on the relation of John R. SHEPPHARD, Petitioner (Relator),

v.

The CIRCUIT COURT OF CLARK COUNTY, The Honorable Clifford H. Maschmeyer, as Judge of said Court, Respondents.

No. 680S186.

Supreme Court of Indiana.

Dec. 9, 1980.

Daniel R. Marra, Public Defender, Jeffersonville, for petitioner.

Theodore L. Sendak, Atty. Gen., Stephen Cuthbert, Deputy Atty. Gen., Indianapolis, Daniel Donahue, Pros. Atty., Jeffersonville, for respondents.

HUNTER, Justice.

On the 24th day of June, 1980, the Supreme Court heard oral argument in this matter, and on that day issued an order denying a writ of mandate against the respondent court. Relator, however, chose to file his petition with the Clerk of this Court, thereby necessitating an opinion of this Court.[1] We hereby set out the reasons why the majority of this Court voted to deny the writ.

Relator was charged by information with the crime of rape on May 17, 1979. He was arraigned before the Clark Circuit Court on May 21, 1979. Although his trial was originally set for June 19, 1979, there were several delays. After more than one year had passed, relator filed a motion for discharge on May 22, 1980. He alleged that there had been a violation of his right under Ind.R.Crim.P. 4(C) to be brought to trial within one year from the date the criminal charge against him was filed. The trial court denied this motion and set the matter for trial by jury on June 24, 1980.

Relator then filed a petition for alternative writ of mandate and prohibition with this Court seeking to compel respondents to dissolve the order denying relator's discharge and to grant his motion for discharge. We hold that under the facts shown by the record relator has not shown that he was entitled to a discharge. The temporary writ is made permanent and denied.

■ The law is well settled in Indiana that it is the duty of a defendant to show that his case comes within the period contemplated by the statute. As stated by the rule, the time limitations shall be extended by the period of any delay caused by defendant's act. Ind.R.Crim.P. 4(F); *Brad-*

*berry v. State*, (1977) 266 Ind. 530, 364 N.E.2d 1183; *Gross v. State*, (1972) 258 Ind. 46, 278 N.E.2d 583.

■ The record in the instant case shows that relator's private attorney entered a motion to withdraw on July 24, 1979, and a public defender was appointed on August 6, 1979. Relator alleges that this period of twelve days did not cause any actual delay, but the record clearly shows that the motion to withdraw was submitted at relator's request. It is obvious that this change in trial counsel would necessitate a certain amount of delay for the transition to new counsel. To say that this action of discharging private counsel occasioned no delay attributable to relator is unrealistic. The change of counsel was at relator's request, was for his benefit and was intended to insure him his constitutional rights. Therefore, this period of twelve days was a delay properly charged to him. *Fortson v. State*, (1978) 269 Ind. 161, 379 N.E.2d 147; *State ex rel. Penn v. Criminal Court of Marion County, Division III*, (1979) Ind. 389 N.E.2d 21; *Gross v. State, supra*.

When this period is taken into account, the sanctioned one–year period had not yet expired on May 22, 1980, and the motion for discharge was premature. Therefore, we find the delay in this case was insufficient to bring relator within the protection afforded by Ind.R.Crim.P. 4(C). The motion for discharge was properly denied.

The permanent writ is denied.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

---

1. The case was assigned to this office for drafting an opinion on October 9, 1980.