**David M. LITTLE, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

**No. 580S124.**

Supreme Court of Indiana.

Jan. 21, 1981.

David W. Hopper, Chesterfield, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, David M. Little, was convicted by a jury of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.); theft, a class D felony, Ind.Code § 35–43–4–2 (Burns 1979 Repl.) (amended 1979); and being an habitual offender, Ind. Code § 35–50–2–8 (Burns 1979 Repl.) (amended 1980). He was sentenced to ten years for the class B felony, two years for the class D felony, and thirty years on the habitual criminal charge, the sentences to run consecutively.

Two issues are presented for review in this direct appeal:

1. Whether the trial court erred in denying defendant's motion for discharge pursuant to Ind.R.Crim.P. 4(C); and

2. Whether the trial court erred in giving certain instructions.

The evidence most favorable to the state reveals that in the early morning hours of July 3, 1978, defendant forcibly entered the home of Ralph and Opal Garner and took several items of property, including jewelry, coins, and a gun.

I.

Ind.R.Crim.P. 4(C) provides:

"*Defendant discharged.* No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as under subdivision (A) of this rule. Any defendant so held shall, on motion, be discharged."

On July 19, 1978, the information for burglary was filed. Defendant was arrested on July 30, 1978. Under the rule, the one-year period on the burglary charge would run from the later of these dates, July 30, 1978. Therefore, defendant should have been tried for burglary no later than July 30, 1979.

On August 4, 1978, defendant was charged with theft and being an habitual offender. Since this date is later than the date for his arrest, the one year on these charges would commence on August 4, 1978. Accordingly, defendant should have been tried here no later than August 4, 1979.

Because of delays attributable to both parties, two trial dates set for February 9, 1979, and May 30, 1979, were canceled and trial was reset for July 20, 1979. For reasons not disclosed by the record, there was no trial on that date and defendant was not tried on all counts until January 17 and 18, 1980, at which time he made his motion for discharge.

When there are delays caused by defendant's acts, the time limitations specified in Ind.R.Crim.P. 4 are to be extended by the period of such delays. *Bradberry v. State,* (1977) 266 Ind. 530, 364 N.E.2d 1183; Ind.R.Crim.P. 4(F). Here, upon defendant's motion, the trial court continued the cause for seven days from August 22, 1978, to August 29, 1978. This delay is clearly chargeable to defendant. *Easton v. State,* (1972) 258 Ind. 204, 280 N.E.2d 307. On August 29, 1978, defendant filed a motion to quash or dismiss the count charging him with being an habitual offender. This motion was implicitly denied when the state was allowed to file an amended habitual offender charge on September 8, 1978. This delay of ten days is also clearly chargeable to defendant. *Hodge v. State,* (1976) 264 Ind. 377, 344 N.E.2d 293. On June 8, 1979, defendant's court-appointed counsel filed a motion to withdraw his appearance. It was granted, and on July 17, 1979, retained counsel for defendant entered his appearance. This thirty-nine day delay is

chargeable to defendant as well. *State ex rel. Shepphard v. Circuit Court of Clark County*, (1980) Ind., 413 N.E.2d 258.

The total period of delays attributable to defendant amount to fifty-six days, thus extending the July 30, 1979 expiration date to September 24, 1979, and the August 4, 1979 expiration date to September 29, 1979. On August 10, 1979, the trial court set a pretrial conference for October 3, 1979, which was beyond the time limits of Ind.R. Crim.P. 4(C) as extended. Obviously, the trial was to be scheduled for a date later than that, and defendant should have objected. *State ex rel. Wickliffe v. Criminal Court of Marion County*, (1975) 263 Ind. 219, 328 N.E.2d 420. However, defendant made no objection whatsoever.

▮ It is well settled that a defendant is not required to take affirmative action to obtain a trial date within the period set by Ind.R.Crim.P. 4(C). *State ex rel. Back v. Starke Circuit Court*, (1979) Ind., 390 N.E.2d 643. However, when, prior to the expiration of the period set by the rule, the court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so that the court can reset the trial for a date within the proper period. *State ex rel. Wernke v. Superior Court of Hendricks County*, (1976) 264 Ind. 646, 348 N.E.2d 644; *State ex rel. Wickliffe v. Criminal Court of Marion County, supra; State v. Rehborg*, (1979) Ind.App., 396 N.E.2d 953. If the defendant sits idly by at a time when the court could yet grant him a trial within the proper period and permits the court, without objection, to set a date beyond that period, he will be deemed to have acquiesced therein. *Id.* By failing to object at the earliest opportunity, defendant waived his right to be discharged under Ind.R.Crim.P. 4(C).

## II.

Defendant next contends that final instructions numbers two and five given in the habitual offender phase of the trial were erroneous. Instruction number two informed the jury of the state's right to charge defendant as an habitual criminal, but did not disclose the penalty to be assessed in case the jury returned a guilty verdict. Instruction number five told the jury:

"You are not to take into consideration any penalty that may attach as a result of your decision. You are only to determine if the defendant is, or is not, an habitual offender."

Defendant complains that not informing the jury of the potential punishment denied him due process of law.

▮ There was no error here. Since juries no longer fulfill any function regarding sentencing, the amount of penalty prescribed by the legislature would be irrelevant for their consideration. *Comstock v. State*, (1980) Ind., 406 N.E.2d 1164; *Debose v. State*, (1979) Ind., 389 N.E.2d 272.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.