Roger William ANDERSON, Jr.,
Appellant (Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 681S172.

Supreme Court of Indiana.

Aug. 31, 1982.

Rehearing Denied Dec. 3, 1982.

Susan K. Carpenter, Public Defender, Kenneth M. Stroud, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted after trial by jury of Attempted Theft, Ind. Code §§ 35–41–5–1; 35–43–4–2 (Burns 1979) and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns 1979) and sentenced to thirty-two (32) years imprisonment. This direct appeal requires us to address two issues:

(1) Whether the trial court erred in denying Defendant's motion for discharge.

(2) Whether the trial court erred in denying Defendant's motion to dismiss the habitual offender charge.

\*　　\*　　\*

## ISSUE I

Defendant first contends that he was tried subsequently to the expiration of the seventy (70) day period of limitation fixed by Ind.R.Crim.P. 4(B)(1). The relevant dates and occurrences are summarized as follows:

| | |
|---|---|
| July 7, 1980 | Amended information for Attempted Theft filed. |
| July 18, 1980 | Defendant arraigned on Attempted Theft charge. State files "Request for Sentencing as an Habitual Offender." |
| July 23, 1980 | Defendant filed Motion for Early Trial and Motion to Strike Habitual Offender pleading. |
| July 28, 1980 | Trial set for September 15, 1980. |
| September 8, 1980 | State moved for and was granted a continuance because of a congested calendar. |
| October 6, 1980 | Trial set for November 3, 1980. |
| October 14, 1980 | Defendant objected to trial setting. |
| November 5, 1980 | Defendant filed motion for discharge, denied; jury selected and sworn. |
| November 6, 1980 | Trial commenced. |

The trial date of November 6, 1980, was clearly more than seventy (70) days subsequent to the date Defendant's early trial motion was filed. The State notes that Defendant's motion to strike was never directly ruled upon, but was implicitly denied on November 6, 1980, when the State was permitted to file its "First Amended Request for Sentencing as Habitual Offender." The State asserts the pendency of Defendant's motion to strike resulted in forty-seven (47) days of delay chargeable to him from July 23, 1980, the date the motion was filed, until September 8, 1980, the date the State obtained a continuance, which delayed the case until the trial date.

In *Little v. State,* (1981) Ind., 415 N.E.2d 44 we stated:

"On August 29, 1978, defendant filed a motion to quash or dismiss the count charging him with being an habitual offender. This motion was implicitly denied when the state was allowed to file an amended habitual offender charge on September 8, 1978. This delay of ten days is also clearly chargeable to defendant." *Id.* at 45.

Defendant seeks to avoid the impact of *Little* by asking us to rule that Ind. R. Crim. P. 4(F), which extends the time limitations in the rule by the amount of delay caused by Defendant's act, extends the limitations only by the amount of time reasonably necessary for the trial court to rule upon the defendant's motion. He reasons that his motion to strike the State's insufficient pleading could have been ruled upon in a day and that, while the ten (10) days delay in *Little* was reasonable, forty-seven (47) days is not.

We cannot accept this proposition. It is not supported by the language of Ind. R. Crim. P. 4(F) (in pertinent part):

"When a continuance is had on motion of the defendant, or delay in trial is caused by his act, any time limitation contained in this rule shall be extended by the amount of the resulting period of such delay caused thereby."

It also ignores the "lazy judge" rule, Ind. R. Tr. P. 53.1(A) which gives the trial court thirty (30) days to rule upon the motion regardless of whether or not the motion could conceivably be disposed of in a day. Once the thirty (30) days had elapsed, Ind. R. Tr. P. 53.1(B) would have required Defendant's affirmative act of filing a praecipe to invoke the rule. Defendant did nothing to invoke the rule or to obtain an early ruling on his motion. He allowed the motion to pend, resulting in forty-seven (47) days delay chargeable to him under Ind. R. Crim. P. 4(F). Thus, the State had one hundred seventeen (117) days from July 23, 1980, or until November 17, 1980, to bring Defendant to trial. We find no error in the trial court's denial of the motion to discharge.

Since we have found that Defendant was timely brought to trial, we need not address his assignments of error concerning the trial court's having granted the State's September 8, 1980 motion for continuance.

## ISSUE II

Defendant raises three assignments of error concerning the habitual offender charge. We find that one of them merits relief.

Defendant argues that the State's "Request for Sentencing as an Habitual Offender" is not in the form required by Ind. Code § 35–3.1–1–2(b) (Burns 1979) which requires a sworn information. The "request" contains nothing even remotely resembling the verification required by statute:

> "Comes now the State of Indiana, by and through Special Prosecuting Attorney, Larry C. Gossett, and respectfully requests the Court upon conviction of the Defendant herein, to sentence said Roger William Anderson, Jr. as an habitual offender, pursuant to I.C. 35–50–2–8, for the reason that said Roger William Anderson, Jr., has accumulated two or more prior unrelated felony convictions.

> "WHEREFORE, the State of Indiana respectfully requests the Defendant, Roger William Anderson, Jr. upon conviction in the instant charge, be sentenced as an habitual criminal offender, pursuant to I.C. 35–50–2–8, and for all other just and proper relief in the premises." (R. at 36)

In his July 23, 1980, motion to strike Defendant claimed that the pleading was insufficient because it merely charged that he had accumulated two or more prior unrelated felony convictions. Both arguments have merit.

■■■■ While the habitual offender charge is not a separate offense under the penal code, it is subject to the rules governing the charging of criminal offenses. To invoke the enhanced penalty the State must charge the prior unrelated convictions " * * * on a page separate from the *rest* of the charging instrument; * * *." Ind. Code § 35–50–2–8(a) (emphasis added). Thus, the habitual offender count is part of the charging instrument and the allegations thereof must be sworn to by someone. Ind. Code § 35–3.1–1–2(b).

■■■■ Additionally, the State's request is factually deficient. The language, "two or more prior unrelated felony convictions," does not parallel the language of the statute and could not possibly advise Defendant of what he was charged with in order that he be enabled to prepare his defense. Is the State charging two, three, four, or how many unrelated prior felony convictions? It differs significantly from the information in *McConnell v. State*, (1982) Ind., 436 N.E.2d 1097, which was sworn and which repeated verbatim the language of Ind. Code § 35–50–2–8.

This pleading was subject to a timely motion to strike; however, the trial court, without ruling upon Defendant's motion to strike, allowed the State to file a "First Amended Request for Sentencing as Habitual Offender":

> "Comes now the State of Indiana, by and through Special Prosecuting Attorney, Larry C. Gossett, and respectfully requests the Court upon conviction of the defendant herein, to sentence said Roger William Anderson as an habitual offender, pursuant to I.C. 35–50–2–8, for the reason that said Roger William Anderson, Jr. has accumulated two or more prior unrelated felony convictions including but not limited to:

| | |
|---|---|
| October 27, 1970 | – Forgery, New Madrid County, Missouri |
| February 14, 1975 | – Theft by Deception, Putnam County, Ind. |
| June 16, 1977 | – Entering With Intent to Commit A Felony, Vigo County, Ind. |
| April 18, 1978 | – Theft By Deception, Vermillion Co., Ind. |

> "WHEREFORE, the State of Indiana respectfully requests the defendant, Roger William Anderson, Jr., upon conviction in the instant charge, be sentenced as an habitual criminal offender, pursuant to I.C. 35–50–2–8, and for all other just and proper relief in the premises." (R. at 62)

In response Defendant filed a supplemental motion to strike, claiming the insufficiency of the pleading.

The amendment did not cure the former deficiencies. It is still unsworn, and Defendant is still not apprised of the charge. The use of the words, "including but not limited to," unequivocally implies that the State reserves the right to introduce evidence relating to, as yet, unrevealed prior felony convictions. Defendant's supplemental motion to strike should have been granted and the purported habitual offender charge should not have been tried.

◼ We note further that since the first habitual offender pleading failed to charge the offense with sufficient factual allegations, the State could not after arraignment, as it did here, amend the pleading for the purpose of curing that failure. Ind. Code § 35–3.1–1–5(e) (Burns 1979); *See Trotter v. State*, (1981) Ind., 429 N.E.2d 637. The State could have moved to dismiss the first pleading and then filed a proper pleading in the form of Count II of the information, but it chose not to do so.

The record discloses that the trial court sentenced Defendant on December 1, 1980, to thirty-two (32) years imprisonment with two hundred twenty-three (223) days good time credit for presentence confinement. Since we order the vacation of the finding of habitual offender status and consequently, the sentence thereupon, the sentence is reduced to two (2) years imprisonment and Defendant is now entitled to discharge. In all other respects the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in the Court's opinion but would remand for a new trial on the habitual offender count.