**Khalid Ali PASHA, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 385 S 106 PS.

Supreme Court of Indiana.

June 14, 1988.

Donald W. Pagos, Michigan City, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Khalid Ali Pasha was charged by information in the LaPorte Superior Court I with the crime of Robbery, a class B felony. A second count was later added to the information in which it was alleged that Pasha was an Habitual Offender. Pasha waived his right to counsel and represented himself throughout the course of these proceedings. The jury found Pasha guilty of robbery. The jury reconvened one week later, at which time it found Pasha to be an habitual offender. Three issues are presented for our consideration in this direct appeal:

1. trial court error in denying Pasha's Motion for Discharge pursuant to C.R. 4(B)(1);

2. trial court error in denying Pasha's Motion for Continuance of the habitual offender hearing; and

3. denial of a fair trial.

Pasha was arraigned on April 6, 1984. At that time he waived his right to counsel and elected to proceed *pro se*. He also made an oral motion for a public and speedy trial, indicating he would file a written motion in proper form at a later date. The trial court set trial for August 6, 1984. On July 6, 1984, Pasha filed a Motion for Discharge to which the State responded on July 13, 1984. The State also filed Count II of the information alleging Pasha was an habitual offender. Pasha's Motion for Discharge was denied and the trial began on August 6, 1984.

I

Pasha contends the trial court set the time for trial beyond the seventy-day period required in C.R. 4(B)(1). He also contends he did not waive this issue since he responded to the court when the August 6 date was announced: "That's not within the time of my constitutional right." The State contends Pasha did not object to the setting of this date and, in fact, conceded to it then and on a subsequent date when all parties were in court. The State further asserts that the court set the trial at the earliest possible date in consideration of the congestion of the court calendar.

The record shows that when the trial judge discussed appointment of counsel with Pasha, he stated he did not have the money to hire an attorney. Pasha would not accept one appointed by the court because he felt that attorney would be an agent of the State and would not work in his behalf. He then stated: "I want to make an oral motion at this time for a public and speedy trial and I would file that written motion later." The court agreed and continued the discussion of Pasha's rights and circumstances with reference to an attorney. The following discussion ensued:

"MR. HERBACH: Your Honor, I also request the court to set a trial date, since the defendant moves for a speedy trial.

THE COURT: Very well.

COURT ADMINISTRATOR: August 6th.

THE COURT: Your trial will be August 6th of this year.

DEFENDANT: That's not within the time of my constitutional right, Your Honor. All that time between now and August 6th. I would ask the court to make it possible I could use the library here.

THE COURT: You will have to work that out with the sheriff. I don't know how you can do that.

DEFENDANT: In order to have my motion timely I have to—I don't know all the books by heart.

MR. HERBACH: He has the right to a lawyer, Your Honor. I would suggest the court to appoint him a lawyer, if for no other reason than to give him some advice.

DEFENDANT: I reject that, Mr. Prosecutor.

THE COURT: I don't know if the jail library is—

DEFENDANT: They have one but it is inadequate.

THE COURT: If they do have one then you probably could use that.

DEFENDANT: Yes.

THE COURT: You will be prepared for trial at that time?

DEFENDANT: Yes."

Record at pp. 218–219.

On May 25, 1984, the parties were again in court to hear a motion to suppress filed by Pasha. The prosecuting attorney advised the court he had recently furnished to Pasha all discovery material the court requested and ordered, "including supplements of police officers, all statements taken, and a list of included exhibits to be retained by counsel." He then suggested Pasha might require more time to examine these items of discovery before proceeding with his motion. The court reset the hearing for Tuesday at 2:00 p.m. Pasha accepted the resetting of the date. The court

then again had a lengthy discussion with Pasha, and advised him of the hazards of representing himself and the advantages of having an attorney assist him. Pasha insisted he wished to represent himself and understood all the hazards involved. In the discussion the following ensued:

"THE COURT: Well let me explain— let me make it clear now, your case is set for trial, Mr. Pasha.

MR. PASHA: Yes, August 6.

THE COURT: If you decide at sometime in the next weeks or months that you want me to appoint a lawyer for you, that is not going to result in a continuance.

MR. PASHA: Yes, I understand that.

THE COURT: Do you understand that?

MR. PASHA: Yes sir."

Record at p. 233.

■ When prior to the expiration of the period set by the rule, a court sets a trial date which is beyond that period and the defendant is or should be aware that the setting is beyond that period, it is his obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. *Randall v. State* (1983), Ind., 455 N.E.2d 916, 922; *Little v. State* (1981), 275 Ind. 78, 415 N.E.2d 44, 46. If a defendant fails to voice a prompt objection, he is deemed to have waived the issue. *Randall*, 455 N.E.2d at 922; *Little*, 415 N.E.2d at 46. In *Fultz v. State* (1985), Ind.App., 473 N.E.2d 624, the Indiana Court of Appeals held the defendant is obliged to object on the trial date on the basis of C.R. 4(B). Apparently Pasha was referring to the time limit under 4(B) when he made the statement this would be beyond his constitutional time. He did not pursue the subject as an objection, however, but stated he would need, during that time, to have access to a library to properly and formally file his motion and prepare for the trial. Arrangements were made for Pasha to have access to the sheriff's library and the court asked Pasha if he would be ready for trial on August 6th. Pasha replied in the affirmative. There-

fore, although Pasha made a statement about the time being beyond the period contemplated, he agreed to the August 6th trial date. On May 25th, he again acknowledged the August 6th setting without objection, in open court. In interpreting Pasha's obligation, this court has held that Indiana C.R. 4 requires the movant maintain a position reasonably consistent with the request he has made. In *Mickens v. State* (1982), Ind., 439 N.E.2d 591, we found Mickens did not maintain such a position when he abandoned his September speedy trial motion by pursuing plea negotiations and by making an identical motion in November, rather than seeking discharge on the basis of the September motion. This charge was denied for similar reasons in *Rutledge v. State* (1981), Ind., 426 N.E.2d 638.

The State contends the court set the trial beyond the seventy days because of a congested calendar. No evidence is forthcoming in the record to support this contention unless we presume the trial judge set the cause for the earliest opening he had. No such presumption is required, however, since the cause was processed in due course and did, in fact, go to trial on August 6th with no objection from Pasha until he filed his motion for discharge on July 6, 1984. By this time, Pasha had conceded to the trial date and had taken a position consistent with preparing for trial on August 6th and inconsistent with his motion he be tried within seventy days. The trial court properly denied his motion for discharge.

## II

Pasha next contends the trial court erred by denying his motion for continuance as to the habitual offender hearing. The information charging Pasha with robbery was filed April 2, 1984, and Pasha was arraigned on April 6th. On July 13, the State filed the second count of the information, alleging Pasha was an habitual offender. Pasha was found guilty on Count I on August 9, 1984, and the habitual offender phase of the trial was continued until August 16, 1984. On August 10th, the State tendered a witness and document list to Pasha for the habitual offender charge, and Pasha requested and was allowed to depose these witnesses prior to the habitual offender hearing. Just prior to the hearing, Pasha requested a continuance for further preparation. This request was denied.

The granting or denial of a continuance not based upon statutory grounds after trial has commenced is within trial court discretion. Such decision will be reversed only for abuse of discretion which is demonstrated when the defendant shows prejudice by failure to grant the continuance. *Martin v. State* (1983), Ind., 453 N.E.2d 1001, 1005; *Hunt v. State* (1983), Ind., 455 N.E.2d 307, 313. Granting a continuance in order to allow more time for preparation is generally not favored without a showing of good cause and continuance motions made on the first morning of trial are not favored. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869, 871; *Bryan v. State* (1982) Ind., 438 N.E.2d 709, 714.

The State certified Pasha had been served with notice of the habitual offender count when it was filed on July 13, 1984, and also tendered a copy of the document to Pasha on July 23, 1984. Pasha does not claim he did not receive notice of the habitual offender finding and its allegations on those dates. His only statement to the court was that he was dealing with the original charge and had no idea it was going to get this far, so he did not deal with the second charge at all. Furthermore, there was a one week continuance between the finding of guilty on the underlying charge and the beginning of the habitual offender hearing. It is clear, therefore, Pasha had adequate time to inform himself of and prepare himself for the habitual offender hearing. The trial court did not abuse its discretion in denying Pasha's motion for continuance.

## III

Finally, Pasha claims he was denied a fair and impartial trial and the benefit of all his constitutional rights. In support of these contentions Pasha makes only general claims he was compelled to maneuver in

a factual vacuum. These contentions consist of Pasha's statements that he was denied certain requests, such as an interview with a certain witness, furnishing of a transcript, appointment of expert witnesses, and appointment of a private investigator, without any explanation of why or under what circumstances the refusal to comply with his requests were made, by whom, and what prejudice resulted from them. He cites no legal authority to support his contentions that the matters he complains of are error. Bald assertions of error unsupported by either cogent argument or citation to authority result in waiver of any error on review. Ind.R.App.P. 8.3(A)7; *Hunt,* 455 N.E.2d at 316; *Ashford v. State* (1984), Ind., 464 N.E.2d 1298, 1302. Without such argument or citation to authority, we are in no position to review these issues.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER and DICKSON, JJ., concur in result only, without separate opinions.