Glenn Keith GAMBLIN, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 82A04–8912–CR–548.[1]

Court of Appeals of Indiana, First District.

March 26, 1991.

1. This case was reassigned to this office on January 2, 1991.

James E. Rode, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for plaintiff-appellee.

BAKER, Judge.

Defendant-appellant Glenn Keith Gamblin appeals his convictions of four counts of accepting payment for labor or materials subject to outstanding indebtedness (accepting payment), Class D felonies,[2] and five counts of theft, also Class D felonies.[3] We affirm in part and reverse in part.

## ISSUES

Gamblin presents the following issues for our review:

I. Whether the trial court erred in denying Gamblin's motion for discharge on Counts 7–18 pursuant to Ind.Crim.Rule 4.

II. Whether the trial court erred in instructing the jury on the elements of theft.

III. Whether the trial court erroneously instructed the jury concerning the elements of accepting payment.

IV. Whether there was sufficient evidence to sustain the convictions of accepting payment.[4]

## FACTS

In October of 1987, Gamblin was charged with three counts of accepting payment.[5]

---

**2.** IND.CODE 32–8–3–15.

**3.** IND.CODE 35–43–4–2.

**4.** Due to our resolution of these issues, we do not address Gamblin's contentions that he was placed in double jeopardy by being sentenced on both the theft and accepting payment convictions, that the theft counts were so vaguely charged as to violate due process, that the court erred in its sentence on count 19, theft, and that

there was insufficient evidence to support the theft convictions.

**5.** IND.CODE 32–8–3–15, the accepting payment statute, provides:
"A person:
(1) who:
  (A) performs labor, supplies services, or furnishes material or machinery in the construction, repair, or remodeling of any building, structure, or any other work;

These charges were dismissed by the State on October 10, 1988. On December 22, 1988, a 19 count Information was filed against Gamblin. All of the charges resulted from transactions involving Gamblin and five different individuals. Basically, Gamblin would contract to build a home, begin building the home, and then quit working on the home before completion. The homeowners would then incur additional expenses to finish building the home. In addition, Gamblin had not paid some of the subcontractors or others who worked on the home or furnished materials. The homeowners were thus liable for several of Gamblin's unpaid bills.

Gamblin was found guilty by a jury of four counts of accepting payment regarding three victims, and five counts of theft regarding five victims. He was sentenced to a total of fifteen years in prison. Gamblin appeals.

## DISCUSSION AND DECISION

### I.

Gamblin first argues it was error for the court to deny his motion for discharge on counts 7–18 of the Information. Gamblin contends he was not tried within one year of his arrest, and thus he must be discharged pursuant to Ind.Crim.Rule 4(C). Crim.R. 4(C) provides in part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his mo-

tion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar. . . .

Gamblin was originally charged with three counts of accepting payment on October 27, 1987. These charges were dismissed in October of 1988, and a new set of charges was filed on December 22, 1988. Gamblin contends counts 7–18 of the new Information should be considered identical to the original three charges for purposes of Crim.R. 4(C). We agree.

■■■■ The dismissal and refiling of the same charge does not toll the one-year period within which a defendant must be brought to trial under Crim.R. 4(C). *Burdine v. State* (1987), Ind., 515 N.E.2d 1085. In addition, as the State acknowledges, after a criminal charge has become time-barred under Crim.R. 4(C) and the defendant has been discharged or is eligible for discharge pursuant to the rule, the State may not subject the defendant to a related charge growing out of the same transaction, incident, events, or set of facts, when those facts had occurred and were known or should have been known to the State and could have been joined with the initial charge.[6] *State v. Tharp* (1980), Ind.App., 406 N.E.2d 1242. In this case, Gamblin was initially charged with three counts of accepting payment against victims Julian, Stallins, and Billings. Counts 7–18 of the second Information charged Gamblin with accepting payment and theft occurring in the same time frame against the same victims, Julian, Stallins, and Billings. These are charges which are either identical to the original three counts or are charges which should have been brought at the

(B) accepts payment for the labor, services, material, or machinery so furnished and supplied; and

(C) at the time of receiving the payment knows he is indebted to another for labor (including the cost of renting or leasing construction and other equipment and tools, whether or not an operator is also provided by the lessor), services, material, or machinery used or employed in the construction, repair, or remodeling;

(2) who, at the time of receiving the payment, with intent to defraud, fails to notify in writing the person from whom the payment was re-

ceived of the existence of the outstanding indebtedness; and

(3) whose failure under subdivision (2) to notify the person from whom payment was received causes that person to suffer a loss; commits a Class D felony."

6. We recognize that in this case the second set of charges was filed before the original charges were barred by Crim.R. 4(C). The State cannot be allowed to obtain an entire new year by refiling substantially the same charges, however, and *Tharp* is applicable here.

time of the original filing because the charges arose out of the same transactions or occurrences. The State does not argue otherwise. The time period for Crim.R. 4(C) thus began to run on October 30, 1987, when Gamblin was arrested on the initial charges, and we must determine whether Gamblin was brought to trial within the proper time period.

The following timetable is a chronicle of the relevant court activity:

October 27, 1987 Gamblin charged with the original three counts.

October 30, 1987 Gamblin arrested for the original three counts.

November 18, 1987 Trial set for March 7, 1988.

February 17, 1988 State's motion to vacate trial date granted; trial date reset for May 9, 1988.

April 19, 1988 State's motion for continuance granted.

May 9, 1988 Trial reset for July 11, 1988.

June 22, 1988 State's motion to vacate trial date granted.

July 11, 1988 Trial reset for October 24, 1988.

October 10, 1988 State's motion to dismiss the charges granted.

December 22, 1988 Gamblin charged with 19 counts.

December 29, 1988 Gamblin arrested for the 19 counts.

January 6, 1989 Trial set for March 8, 1989.

January 13, 1989 State's motion to vacate trial date granted; trial date reset for April 17, 1989.

February 8, 1989 Court appoints counsel for Gamblin.

March 7, 1989 Gamblin files motion for discharge pursuant to Crim.R. 4(C).

March 28, 1989 Court takes motion under advisement.

April 6, 1989 State responds to motion.

April 17, 1989 Trial reset for July 10, 1989.

June 12, 1989 Trial court denies Gamblin's motion to dismiss.

July 10, 1989 Trial held.

The time period within which a defendant must be brought to trial is extended only "where a continuance was had on [the defendant's] motion, or the delay was caused by [the defendant's] act, or where there was not sufficient time to try him during such period because of congestion of the court calendar...." Crim.R. 4(C). The State argues the delays in this case were all attributable to Gamblin. The record does not support the State's contention. Every delay was caused by the State. The State moved to continue the trial date once, and moved to vacate the trial date three times. The State argues because Gamblin did not object to these motions he thus acquiesced in them and the delay is chargeable to him, citing *Burdine, supra,* and *Alford v. State* (1988), Ind.App., 521 N.E.2d 1353 for this proposition. In *Burdine,* however, the delay was attributable to the defendant because he sought at least two continuances and attempted to plead guilty which delayed the trial date. In *Alford,* the delay was charged to the defendant when the trial date was continued pending the defendant's filing of a motion to suppress. Alford was held to have acquiesced in the delay because he knew a trial date would not be set until his motion was filed. *Alford, supra.* These cases did not charge the delay from the State's motion for a continuance to the defendant.

If Gamblin had joined in the motion for a continuance and thus made it his motion to continue, then under Crim.R. 4(C) the delay would have been charged to him. *See State ex rel. O'Donnell v. Cass Superior Court* (1984), Ind., 468 N.E.2d 209 (when cause is continued by agreement of the parties the delay is chargeable to the defendant). A failure to object to a continuance does not equal an agreement of the parties to continue the cause. Failing to object to the State's motion for a continuance does not convert the State's motion into Gamblin's motion for continuance.[7]

7. We note at this point we are not concerned about a delay that causes the trial to be scheduled outside the one year time period. In that case, the defendant does have a duty to object, as will be discussed below.

Gamblin was arrested on October 30, 1987, and the State had until October 30, 1988 to bring him to trial, unless Gamblin moved for a continuance or otherwise caused a delay or there was court congestion which prevented Gamblin from being tried within the proper time period. Crim.R. 4(C). The State dismissed the charges on October 10, 1988, while it still had 20 days left in the one year period. The charges were refiled on December 22, 1988. The State is not charged with the period between the dismissal and refiling of the charges. *Young v. State* (1988), Ind., 521 N.E.2d 671. Gamblin was arrested on the second set of charges on December 29, 1988, and the time again began to run on this date. *See* Crim.R. 4(C) (providing the time begins to run on the date the charges are filed or the date the defendant is arrested, whichever is later). The State then had 20 days from December 29, 1988, or until January 18, 1989, to bring Gamblin to trial. On January 6, 1989, the trial was set for March 8, 1989, well past January 18, 1989. Gamblin did not object to this trial date set outside the one year period. Gamblin had a duty to alert the trial court when the trial date was set beyond the prescribed limits of Crim.R. 4. *Decker v. State* (1988), Ind., 528 N.E.2d 1119; *Butts v. State* (1989), Ind.App., 545 N.E.2d 1120. Gamblin is thus deemed to have acquiesced in this date. *Decker, supra.* Likewise, he is deemed to have acquiesced in the April 17, 1989, trial date set by the court in January because he did not object to this date which was beyond the one year period.

Gamblin cannot be said to have acquiesced in the July 10, 1989, trial date, however. In fact, he had pending a motion for discharge based upon Crim.R. 4(C) which should have alerted the trial court to try Gamblin with all due haste in the time remaining. This motion, filed on March 7, 1989, was not ruled on by the trial court until June 12, 1989, outside the April 17,

1989 trial date in which Gamblin had acquiesced. There was no indication that Gamblin caused the delay of the trial until July 10, 1989, or that court congestion was a factor. The trial court thus erred in denying Gamblin's motion to dismiss counts 7–18.[8] Gamblin was acquitted on five of these counts, and the court had previously dismissed two of them. Gamblin was convicted and sentenced on counts 7, 10, 11, 13, and 18. Because these convictions were obtained in violation of Crim.R. 4(C), we reverse Gamblin's convictions and sentences on these counts.

## II.

Gamblin argues the trial court erred in its theft instruction. He argues the trial court's instruction allowed the jury to convict him of a crime with which he was not charged.

The Information for the theft charges alleges Gamblin exerted unauthorized control over currency of another "by taking and possessing said currency in a manner other than that [to] which the [victim] had consented." *Record* at 86–89. At the close of the evidence, the court gave the following instruction:

A persons (sic) control over property of another person is "unauthorized" if it is exerted;

(a) In a manner or to an extent other than that to which the other person has consented, or

(b) By promising performance that the person knows will not be performed.

*Record* at 1586. The lettered sections are taken from the definitions of unauthorized control found in IND.CODE 35-43-4-1(b). Gamblin argues he was only charged with the offense of exerting unauthorized control by taking and possessing the money in a manner other than that to which the other person consented, and it was thus

---

8. We recognize that a motion to dismiss may be deemed premature if it is made when there is still time for the trial to take place within the one year period. *State ex rel. Shepphard v. Circuit Court of Clark County* (1980), 274 Ind. 602, 413 N.E.2d 258, *cert. denied,* 450 U.S. 984, 101 S.Ct. 1523, 67 L.Ed.2d 821; *Hughes v. State* (1987), Ind.App., 508 N.E.2d 1289, *trans. denied.* The trial court did not deny Gamblin's motion because it was premature, however. The trial court ruled on the motion almost two months after the date Gamblin should have been brought to trial.

error for the jury to be instructed on a second manner of unauthorized control. The State concedes that Gamblin may be correct in his contention that it is improper to charge him with one specific section of theft and then convict him of another section, but argues the instruction was harmless error because the jury found Gamblin guilty of theft "as charged." *Record* at 243, 246, 248, 253, 254.[9]

■ Our supreme court held it was error to convict the defendant of theft by obtaining and exerting unauthorized control over property when the affidavit charging the defendant accused the defendant of unlawfully, knowingly and feloniously obtaining control over property by deception because there was an "irreconcilable inconsistency between the charge lodged, the verdict rendered, and the judgment on the verdict." *Lawrence v. State* (1968), 250 Ind. 161, 163, 235 N.E.2d 198, 199. Although there have been some changes in the form of the theft statute since *Lawrence* was decided, the principle is applicable today. The instructions must not be broader than the indictment or Information, and a jury may not be permitted to find the defendant guilty of an offense defined by the statute but which was not charged. *Dixon v. State* (1981), Ind.App., 425 N.E.2d 673. In *Dixon*, the Information charged the defendant with child molesting by attempting to perform sexual intercourse. The court instructed the jury on the crime of child molesting by engaging in deviate sexual conduct, an uncharged crime. Reversal was not warranted, however, because there was no evidence to support the charge underlying the erroneous instruction, the jury could not have convicted the defendant on this charge, and the erroneous instruction could

not have harmed the defendant. *Dixon, supra.*

■ Gamblin was not charged with exerting unauthorized control by promising performance that the person knows will not be performed, and the instruction containing this language was erroneous. Contrary to *Dixon*, there was evidence presented in Gamblin's trial to support the charge upon which the jury was erroneously instructed; the error was not harmless. It is possible Gamblin was convicted of a crime he was not previously accused of committing. The State chose to specify in the Information the precise manner in which Gamblin exerted unauthorized control, and it was error to change the manner in the instructions to the jury. *Dixon, supra; Lawrence, supra.* See also *Kelly v. State* (1989), Ind., 535 N.E.2d 140 (holding it was erroneous to instruct the jury on confinement by removal when the defendant was charged only with non-consensual confinement). We reverse Gamblin's convictions for theft.[10]

### III.

■ Gamblin next argues the trial court erroneously instructed the jury on the elements of accepting payment. He contends the instruction should have contained the element that a valid lien must be placed on the property of the victim by the party seeking payment from the victim. We disagree.

Gamblin argues *Miller v. State* (1986), Ind., 502 N.E.2d 92 imposed a requirement that a valid lien be filed. He bases his contention upon the following language: "The conduct prohibited by the statute is accepting pay under such circumstances

---

**9.** The State initially attempts to argue Gamblin waived any error regarding the instruction by failing to tender a written instruction to correct the error. The State acknowledges the existence of *Sims v. State* (1985), Ind.App., 482 N.E.2d 1182, *reh'g denied*, 489 N.E.2d 957, *trans. denied* (stating objecting to a given instruction is necessary and sufficient to preserve the issue for appeal; tendering of a written instruction is a prerequisite to an appellant's allegation of error based on refusal to give a requested instruction). Gamblin timely objected to the instruc-

tion at issue, and the question was properly preserved for appeal.

**10.** We do not agree with the State's contention that the error is harmless because the jury found Gamblin guilty "as charged." It is likely the verdict forms were given to the jury already containing the "as charged" language for the jury foreperson to place a signature and date. It is not evident from the verdict form upon what aspect of the instruction the jury convicted Gamblin.

while in debt to suppliers of materials without notifying the client of such indebtedness, and, of course, leaving that client subject to valid liens against the property." *Miller, supra,* at 94. We do not read this language to engraft upon the statute a requirement that a valid lien be filed. In *Miller,* the material supplier perfected a lien against the victim, and that is the manner in which the victim's loss occurred. The loss does not have to occur as a result of the filing of a valid lien, however. IND. CODE 32-8-3-15 requires only that the person from whom the payment was received suffer a loss because of the defendant's actions. The statute does not require the entity seeking payment for the services or goods it provided to file a valid lien to recover the debt owed to it. We find no error in the trial court's instruction to the jury on the elements of accepting payment.

### IV.

Gamblin contends there is insufficient evidence to support his convictions of accepting payment. We reversed several of the accepting payment convictions on the basis of the Crim.R. 4(C) violation, but we must evaluate the sufficiency of the evidence on the two remaining convictions of accepting payment. We find sufficient evidence to sustain the convictions.

When the sufficiency of the evidence supporting a criminal conviction is challenged, a reviewing court applies a narrow standard of review. We do not reweigh the evidence or judge the credibility of the witnesses. *Maynard v. State* (1987), Ind., 513 N.E.2d 641. We look to the evidence most favorable to the State with all the reasonable inferences to be drawn from the evidence. *Id.*

Gamblin's argument concerning the sufficiency of the evidence is basically that valid liens were not filed on the victim's property. As discussed above, it is necessary only that the victim suffer a loss, not that the loss be suffered through the process of paying a valid lien. Gamblin was convicted of two charges of accepting payment from Janet Small without notifying

Small that at the time he received payment from her he was indebted to several suppliers. The evidence most favorable to the verdict reveals Gamblin accepted $5,000 from Small on September 10, 1986, while he was indebted to Niedhammer and Kight Lumber for the materials and labor. Small was not aware of the outstanding indebtedness. Kight Lumber filed a lien against Small's property, and she paid Kight Lumber for the debt, thereby suffering a loss. Gamblin received $6,500 from Small on September 16, 1986, while he was indebted to Williamson and Kight Lumber. Small was not aware of the outstanding indebtedness. Small paid Kight Lumber for the indebtedness, thereby suffering a loss. The intent to defraud can be inferred from Gamblin's conduct and the surrounding circumstances. *Miller, supra.* There was sufficient evidence to sustain Gamblin's convictions for accepting payment.

### CONCLUSION

We reverse Gamblin's convictions on counts 7 and 11, accepting payment, and counts 10, 13, and 18, theft, because of the violation of Crim.R. 4(C). We reverse his convictions of theft, counts 7 and 19, based on the erroneous instruction and remand for retrial on these counts. We affirm his convictions of accepting payment, counts 3 and 4.

STATON and CONOVER, JJ., concur.