OPINION
William A. Moyer appeals from his conviction of operating a motor vehicle while under the influence of alcohol, fourth offense, pursuant to his no contest plea in the Miami County Common Pleas Court.
In a single assignment of error, Moyer contends the trial court erred in refusing to dismiss the charge against him on the grounds he was denied a speedy trial pursuant to R.C. 2945.71 et seq.
The facts pertinent to the speedy trial issue were stipulated by the parties to this appeal at the trial court and are set out in the trial court's order overruling the defendant's dismissal motion. The trial court noted the following in its order:
 The facts are stipulated by the parties. The Defendant was arrested and charged in Municipal Court with Driving Under the Influence on October 24, 1998. The charges were dismissed on November 3, 1998 at the time of the preliminary hearing. It is unknown whether the Defendant was incarcerated during this time. The Defendant was indicted on the same offense on December 23, 1998. A warrant was returned unserved, presumably at the Defendant's prior address in Arcanum, on September 10, 1999. That house was sold by the Defendant in July 1998. The transcript of the arraignment indicates that the Defendant was served with the indictment on September 10, 1999 at the arraignment in Common Pleas Court.
 At the time of the preliminary hearing Mr. Moyer, Counsel for the Defendant, advised the Municipal Court Prosecutor, Gary Zuhl, that the Defendant lived at 5444 Autumn Place, Dayton, Ohio 45414, and that if the Defendant would be indicted, to let him know so the Defendant could turn himself in. The assignment notice concerning the preliminary hearing mailed October 27, 1998 indicates the Autumn Place address. The assignment notice mailed on November 17, 1998 concerning a change of plea to be held on January 15, 1999 for a Driving Under Suspension charge in Municipal Court also indicates the Defendant's address.
 The Defendant was placed on probation with the Municipal Court on the Driving Under Suspension conviction. The staff at the Municipal Court probation office knew of the new address of the Defendant and mailed reminders to the Defendant at the Autumn Place address to report to community service concerning dates that he failed to report. The Defendant reported to the probation department and engaged in community service as a condition of probation on seven dates between April 24, 1999 and September 26, 1999.
 The trial court overruled the defendant's motion upon the authority of State v. Broughton (1991), 62 Ohio St.3d 253, wherein the Supreme Court held that for purposes of computing how much time has run against the State under the speedy trial statute, the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised on the same facts as alleged in the original indictment, shall not be counted unless the defendant is in jail or released on bail pursuant to Crim.R. 12(I).
Justice Holmes noted at pages 260 and 261 of the Broughton
opinion:
 Revised Code § 2945.71(C)(2) explicitly states that a defendant against whom a charge of felony is pending "shall be brought to trial within 270 days after his arrest." (emphasis added).
 Consequently, the arrest of a defendant, under a reindictment which is premised on the same underlying facts alleged in a previous indictment, is the proper point at which to resume the running of the speedy trial statute. See e.g. Gamblin v. State (Ind.App. 1991), 568 N.E.2d 1040, 1044
(defendant's speedy trial period resumes upon defendant's arrest on the refiled charges pursuant to Indiana's Crim.R. 4(C), which provides that the period begins to run on the date the charges are filed or the date that defendant is arrested, whichever is later). Furthermore, any time period that has lapsed under the original indictment should be tacked on to the time period commencing with the second indictment. See Bonarrigo, supra, 62 Ohio St. 2d at 11, 16 O.O. 3d at 7, 402 N.E.2d, at 534. ("* * * where a prosecutor obtains a felony indictment, based upon the same conduct as previously nollied, lesser included misdemeanor charge, the time within which the accused shall be brought to trial pursuant to Revised Code § 2945.71
et seq., consists of whatever residue remains from the 270-day period set forth in Revised Code § 2945.71(C) after deducting the speedy trial time expended prior to the Nolle Prosequi time").
 In this case, ten days elapsed between the date of the defendant's arrest and the dismissal of the criminal charge against him. Although he was indicted by Miami County on December 23, 1998 he was not arrested or served with the indictment until September 10, 1999. This eight month period consequently does not count for "statutory" speedy trial purposes. See, State v. Broughton, supra, at 160, 161.
The defendant moved to dismiss the criminal charge against him on October 8, 1999 tolling the speedy trial statute until the trial court overruled his motion. R.C. 2945.72(E). Accordingly, only 46 days were consumed before the trial court addressed the dismissal motion, and the trial court quite properly overruled the motion. The time period from November 3, 1999 until the date of trial on February 28, 2000 is not relevant because the ruling under review is the motion filed on October 8, 1999. In any event, the 118 days consumed between the court's decision and the trial plus the 46 days is well within the 270 days permitted by the speedy trial statute. The assignment of error is overruled.
The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.