## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 05 2016, 8:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Craig W. Graham
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Robert J. Henke
Abigail R. Recker
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Termination of the Parent-Child Relationship of M.S. and K.S. (Children) and D.S. (Mother);

D.S. (Mother),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

August 5, 2016

Court of Appeals Case No.
10A01-1512-JT-2376

Appeal from the Clark Circuit Court

The Honorable Daniel Donahue, Judge

Trial Court Cause No.
10C04-1501-JT-1
10C04-1501-JT-2

**May, Judge.**

D.S. (Mother) appeals the involuntary termination of her parental rights to M.S. and K.S. (collectively, Children). We affirm.

# Facts and Procedural History

M.S. and K.S. were born to Mother[1] on April 4, 2006, and March 13, 2007, respectively. On August 6, 2012, the Department of Child Services (DCS) filed a petition alleging Children were Children in Need of Services (CHINS) based on Mother's substance abuse issues, including her intravenous use of heroin in the presence of Children. The trial court held an initial hearing on the matter on the same day and authorized the emergency removal of Children from Mother's home. On August 21, on Mother's admission, the trial court adjudicated Children as CHINS. On September 27, the trial court held a dispositional hearing and on October 3 it issued dispositional orders requiring Mother to, among other things, complete substance abuse assessment and training as well as complete random drug screens.

On December 20, 2012, the trial court held a periodic case review and approved Mother's trial home visit. Children were placed back in Mother's care at that time. On March 21, 2013, Children were again removed from Mother's home

---

[1] The fathers do not participate in this appeal. K.S.'s father, A.W., signed a consent to adoption. The record is unclear regarding the status of M.S.'s father, A.B., as Mother did not include the Termination Order regarding M.S. in the record filed on appeal.

because of Mother's non-compliance with Children's case plan. On October 17, 2013, and January 16, 2014, the trial court held periodic case review hearings. During both, the court noted Mother's non-compliance with the case plan and dispositional order, as Mother regularly tested positive for illegal substances and missed therapy sessions.

[4] On March 20, 2014, the trial court held a permanency hearing and changed the permanency plan for Children from reunification to adoption. On November 20, 2014, the trial court held a periodic case review hearing and noted Mother's continued non-compliance with Children's case plan. By this time, Mother had tested positive for illegal substances twenty-eight times. On January 5, 2015, DCS filed petitions to terminate Mother's parental rights.

[5] The trial court held evidentiary hearings regarding the termination of Mother's parental rights to Children on March 19, April 15, and May 21, 2015. Mother did not attend any of the evidentiary hearings. On December 3, 2015, the trial court terminated Mother's parental rights to Children.

# Discussion and Decision

[6] We review termination of parental rights with great deference. *In re K.S.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge the credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied*. Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id*. In deference to the trial court's

unique position to assess the evidence, we will set aside a judgment terminating a parent-child relationship only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

[7] "The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. A juvenile court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination. *In re K.S.*, 750 N.E.2d at 837. The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *Id.* at 836.

[8] To terminate a parent-child relationship in Indiana, the State must allege and prove:

> (A)    that one (1) of the following is true:
> (i)    The child has been removed from the parent for at least six (6) months under a dispositional decree.
> (ii)    A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
> (iii)    The child has been removed from the parent and has been under the supervision of a county office of family and children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the

home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B)    that one (1) of the following is true:

(i)    There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii)    There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii)    The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C)    that termination is in the best interests of the child; and

(D)    that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2).  The State must provide clear and convincing proof of these allegations.  *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*.  If the court finds the allegations in the petition are true, it must terminate the parent-child relationship.  Ind. Code § 31-35-2-8.

[9]    Mother does not challenge any of the trial court's findings or conclusions.  Mother contends "D.C.S. failed to meet the burden of I.C. 31-35-2-4(2)(b).[2]" (Br. of Mother at 2) (footnote added).  However, she does not indicate which part of the statute was not met, nor does she make an argument that could be understood to challenge a portion of the statute.  As such, her argument is waived.  *See Pasha v. State*, 524 N.E.2d 310, 314 (Ind. 1988) ("Bald assertions of

---

[2] We presume this is a typographical error.  The relevant statute is Ind. Code § 31-35-2-4(b)(2).

error unsupported by either cogent argument or citation to authority result in waiver of any error on review.").

[10] Waiver notwithstanding, the trial court found Mother did not comply with numerous requirements of the dispositional orders, noting her continued issues with substance abuse and her inability to complete treatment. There existed a satisfactory plan for the care and treatment of Children following termination. Finally, Children had been removed from Mother for fifteen of the last twenty two months at the time Mother's rights were terminated. There is ample evidence in the record to support those findings, which support the court's decision to terminate Mother's parental rights. *See In re C.A., L.A., and M.A.*, 15 N.E.3d 85, 95 (Ind. Ct. App. 2014) (termination of parental rights affirmed based on totality of evidence, findings supported by that evidence, and conclusions pursuant to statute).

[11] Mother also argues "she could have benefitted from more drug treatment. With further treatment she could have complied with the Dispositional Order." (Br. of Mother at 2.) A "failure to provide services does not serve as a basis on which to directly attack a termination order as contrary to law." *In re J.W., Jr.*, 27 N.E.3d 1185, 1190 (Ind. Ct. App. 2015), *trans. denied*. We therefore cannot find error on that ground.

# Conclusion

DCS presented sufficient evidence to support the termination of Mother's parental rights to Children, and Mother's argument regarding services cannot be raised as part of an appeal of the termination of her parental rights. Accordingly, we affirm.

Affirmed.

Kirsch, J., and Crone, J., concur.