David WILLIAMS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8710–CR–953.

Supreme Court of Indiana.

Jan. 31, 1989.

Brad C. Angleton, R. Victor Stivers & Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Anne McCoy, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in a conviction of appellant of three counts of Dealing in Cocaine, a Class A felony, and three counts of Conspiracy to Commit Dealing, a Class A felony. He was also found to be an habitual offender. He was sentenced to an enhanced period of sixty (60) years to run consecutive to a federal sentence which he was serving at the time of his conviction.

The only issues raised in this appeal concern the application of the Interstate Agreement on Detainers (IAD) and the requirement thereunder that a defendant be brought to trial within one hundred eighty (180) days after he causes to be delivered to the court and prosecutor written notice of his place of imprisonment and a request for final disposition of pending State charges.

Appellant also raises the applicability of Ind.R.Cr.P. 4 as it applies to his right to be brought to trial. Therefore the only facts recited in this opinion will be those facts pertinent to the issues raised.

Appellant was arrested on the instant charge on or about June 24, 1985. An initial hearing was held June 25, 1985, bond was set, and three days later appellant was released on bond. On July 12, 1985, appellant was taken into custody by Federal authorities for violating the condition of his parole. His parole was revoked and he was transported to a Federal Correctional Institution in Sandstone, Minnesota in September of 1985.

The IAD is set out in Ind.Code § 35-33-10-4. The provision pertinent to this case is the requirement that a defendant be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting office and the appropriate court his request for final disposition of the charges pending against him. The Marion County prosecutor's office received such a notice from appellant on March 20, 1986. Therefore the one hundred eighty (180) day limitation expired on September 16, 1986.

Appellant's trial actually commenced on September 25, 1986 which was nine days after the time expired. However, as set out hereinafter, there are several reasons why the one hundred eighty (180) day period was extended by reason of action of appellant and his codefendant. Pursuant to *capias*, appellant was returned to the State of Indiana on April 29, 1986. On May 21, he filed a *pro se* motion for dismissal on the basis that the one hundred eighty (180) day limit had expired. This motion was denied because it was obvious the time limit had not yet run. Appellant appeared at a pretrial conference on June 13, 1986 and waived a jury trial. The trial date was set for July 24, 1986.

On July 24, appellant appeared without counsel as did a codefendant. Another codefendant's attorney was present and requested a continuance which was granted to September 11, 1986. On September 11, 1986, appellant was present with counsel as were the other codefendants. On that date, appellant filed a motion to discharge premised solely on Ind.R.Cr.P. 4(B) and (C). Counsel for a codefendant requested a continuance to obtain discovery. There was no objection from appellant and the continuance was granted to September 25, 1986. Appellant's motion for discharge was taken under advisement.

■ It is to be noted that this setting of September 25 which was the actual commencement of the trial was obviously beyond the one hundred eighty (180) day time limit, yet appellant made no objection. In passing on a similar situation, the Indiana Court of Appeals has held that a defendant acquiesces in a trial date which was set in his presence beyond the one hundred eighty (180) days and precludes his successfully raising the question. *Pethtel v. State* (1982), Ind.App., 427 N.E.2d 891.

■ In addition, the fact that one of appellant's codefendants moved for a continuance in order to obtain discovery material in open court with appellant and his counsel present, and all parties knew that they were within five days of the expiration of the one hundred eighty (180) day period, constituted a waiver of the time requirement. *Id.*

We would further observe that Ind. R.Cr.P. 4 does not apply when the IAD statute is applicable. *Brown v. State* (1986), Ind., 497 N.E.2d 1049.

If we would assume for the sake of argument that Ind.R.Cr.P. 4 would apply in this situation, appellant did not qualify under the rule for discharge. He first argues that Ind.R.Cr.P. 4(A) applies. This portion of the rule provides that if a defendant is detained in jail for a period of more than six months he is entitled to be released on his own recognizance. However, in the case at bar, the ability of an Indiana court to release appellant on his own recognizance is moot.

As above pointed out, he was serving a federal sentence and had been returned to the State of Indiana under a writ of *habeas corpus ad prosequendum* for the sole purpose of prosecution in this state and was to be returned to the Federal jurisdiction for the continuation of his sentence. Any release on his own recognizance by an Indiana court would have been a clear violation of the state's agreement with Federal authority.

Appellant next claims that Ind.R. Cr.P. 4(B)(1) applies. That portion of the Rule provides for trial to commence within seventy (70) days if appellant files a motion for speedy trial. Although appellant made an oral motion for early trial on September 27, 1985, which was presumably an attempt to invoke the seventy (70) day rule, he nevertheless made no objection when on November 19, 1985 a continuance was granted because of the absence of one of the defendants.

On March 4, 1986, another continuance was necessary due to the absence of a defendant. Even though the delays were caused by a codefendant, appellant is nevertheless chargeable with those delays when he voiced no objection. Therefore the seventy (70) day period tolled during the period of time necessary to dispose of the intervening motions. *Wright v. State* (1977), 266 Ind. 327, 363 N.E.2d 1221. When the trial court acted upon the motion by setting a trial date, the motion has served its purpose and it becomes necessary for a defendant to file a second motion for immediate trial in order to invoke his right under the rule when the trial continuance is chargeable to the defendant. *Cody v. State* (1972), 259 Ind. 570, 290 N.E.2d 38.

The trial court did not err in denying appellant's various motions for discharge. The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.