951 F.2d 353
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David WILLIAMS, Petitioner-Appellant,
v.
Richard H. CLARK and Linley E. Pearson, Respondents-Appellees.
 No. 90-3710.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 11, 1991.*
Decided Dec. 23, 1991.
 
 Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 David Williams, imprisoned by Indiana after conviction of drug offenses, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He contends that Indiana violated the Interstate Agreement on Detainers because it failed to bring him to trial promptly. While incarcerated in Minnesota, Williams sent a letter demanding final disposition of the Indiana charges, a demand that under the IAD gives the state 180 days to act.
 
 
 2
 The district court, bypassing Indiana's argument that Williams had not preserved his claims in state court and that at all events violations of the IAD (a state law) do not support relief under § 2254, held that the state acted in compliance with the IAD. Indiana renews its procedural arguments on appeal, and as we conclude that the first of them is justified we go no further.
 
 
 3
 Williams did not object when the state court scheduled trial for a date 189 days after the prosecutor received his demand letter. The Supreme Court of Indiana explained:
 
 
 4
 It is to be noted that this setting ... was obviously beyond the one hundred eighty (180) day time limit, yet [Williams] made no objection. In passing on a similar situation, the Indiana Court of Appeals has held that a defendant acquiesces in a trial date which was set in his presence beyond the one hundred eighty (180) days and precludes his successfully raising the question.
 
 
 5
 Williams v. State, 533 N.E.2d 1193, 1195 (Ind.1989). The court continued that if it were to "assume for the sake of argument" that Williams is entitled to relief from his waiver, he would lose on the merits.
 
 
 6
 We understand this as a dual-ground decision: the court pointed to a procedural bar and added an alternative disposition of the merits. Wainwright v. Sykes, 433 U.S. 72 (1977), holds that unless the petitioner can show cause for the default and prejudice, failure to comply with a state's procedural rules forfeits federal review of the merits of the defaulted claim. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989), holds that so long as the state court invokes a procedural bar, an alternative disposition of the merits does not avoid the requirements of Sykes. See also Coleman v. Thompson, 111 S.Ct. 2546 (1991). The Supreme Court of Indiana treated Williams' claim as barred because it was not presented to the trial court. Williams offers no cause for this omission.
 
 
 7
 As Williams' reply brief puts it: "The central question before this Court is whether the Appellee's [sic] concept of 'YOU SNOOZE, YOU LOSE' can be construed as waiver of any known right, privilege or immunity within the IAD." The answer is yes.
 
 AFFIRMED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record