983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terrance HOOD, Petitioner-Appellant,
v.
Richard CLARK and Attorney General of the State of Indiana,
Respondents/Appellees.
 No. 91-2889.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 12, 1993.*
Decided Jan. 19, 1993.
 
 Before FLAUM, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Terrance Hood filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, in which he contended that Indiana violated the Interstate Agreement on Detainers by failing to bring him to trial promptly. He also claimed that there was insufficient evidence to convict him of murder. The district court noted Indiana's argument that Hood had waived his claims before the state court and that violations of the IAD do not support relief under § 2254, but it denied the relief sought by holding that Indiana complied with the IAD. The court also held that there was sufficient evidence to convict Hood. Hood's appeal renews the issues before the district court and we affirm the denial of his petition.
 
 
 2
 Hood, who was imprisoned in Illinois, claims that on August 14, 1987, he sent a letter to the Indiana prosecutor demanding to be tried for a pending murder charge. Hood's trial began on March 28, 1988, 193 days after he demanded a trial. Hood, however, made several formal appearances in court before his trial began. Among the reasons for these appearances was for the judge to set a date for trial. When the judge set March 28th as the date for trial, Hood did not object. The Supreme Court of Indiana deemed Hood's failure to object to the trial date as fatal to his argument about the timing of the trial:
 
 
 3
 When a trial court sets a trial date which is beyond a period allowed and the defendant is or should be aware that the setting is beyond the time allowed, it is his obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. Failure to voice a prompt objection is deemed a waiver of the issue.... In the instant case, there was no prompt objection, and the failure to do so resulted in waiver of the issue.
 
 
 4
 Hood v. State, 561 N.E.2d 494, 496 (1990). The court rested its rejection of this claim solely on this state procedural bar.
 
 
 5
 Harris v. Reed holds that when a state court invokes a state procedural bar to the disposition of a claim on the merits, the petitioner pursuing a federal writ of habeas corpus must show cause for the default and prejudice or else he forfeits federal review of that claim. 489 U.S. 255, 264 (1989); see also Coleman v. Thompson, 111 S.Ct. 2546 (1991). The Supreme Court of Indiana barred Hood's claim because he did not object to the date of the trial when the trial court set that date. This approach observed Indiana law. Williams v. State, 533 N.E.2d 1193, 1194 (1989); Pasha v. State, 524 N.E.2d 310, 312 (1988). Because Hood advances no cause for this failure to object, we affirm the district court's rejection of the IAD claim without reaching the merits.
 
 
 6
 Hood also claims that the state did not present sufficient evidence to convict him of murder. He stakes his claim on the argument that the state's eyewitness against him, Thomas Newson, lacked credibility in light of other testimony that conflicted with his testimony. A collateral attack on the sufficiency of the evidence is a tough row to hoe, for we will find the evidence at trial sufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Hood points to facts--like the fact that Newson had been drinking on the night of the crime--that he says show that Newson was incredible. But other facts--like the fact that on the night of the murder police found Newson on the ground, wounded from a gun shot, two blocks away from the dead body of Hood's victim--show that a reasonable jury could have believed Newson's testimony that he was an eyewitness to the crime. There was sufficient evidence to convict Hood of murder.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs