**STATE of Indiana, Appellant–Respondent,**

v.

**Jeremy WILSON, Appellee–Petitioner.**

No. 23A01–9603–PC–109.

Court of Appeals of Indiana.

Sept. 23, 1996.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellant.

Mark E. McGrady, Hillsboro, for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

The State of Indiana appeals from the trial court's grant of Jeremy Wilson's Petition for Post–Conviction Relief. Wilson alleged a violation of the Interstate Agreement on Detainers (IAD) and claimed that he had not been brought to trial within 180 days of the receipt of his request for disposition of charges. After a hearing, the trial court granted Wilson's Petition.

We affirm.

### ISSUE

The dispositive issue presented is whether this court has jurisdiction to consider the State's appeal from the trial court's order granting post-conviction relief.

### STATEMENT OF FACTS

On March 3, 1994, the State filed an information charging Wilson with Burglary, a Class C felony, and Theft, a Class D felony, of Covington Elementary School. The State also filed an information charging Wilson with Burglary, a Class C felony, and Theft, a Class D felony, of Covington High School. At that time, Wilson was incarcerated at the Dixon Correctional Center in Illinois. The State placed a detainer on Wilson during his incarceration.

On March 15, 1995, pursuant to the IAD, Wilson requested disposition of his cause and, as required, sent his request to the Fountain Circuit Court and the Fountain County Prosecutor's Office. The Prosecutor's Office received his request on March 20, 1995, and on September 12, 1995, Wilson was transported to Indiana. His trial was then scheduled for September 15, 1995.

On September 15, 1995, the State presented a plea agreement signed by Wilson to the trial court. The agreement provided that in exchange for Wilson's pleas of guilty to the charges of burglary and theft of Covington Elementary School, the State would dismiss the charges relating to Covington High School. Following a hearing on the same date, the trial court accepted Wilson's guilty pleas. On October 10, 1995, the court conducted a hearing on Wilson's sentence at which Wilson again stated his intention to plead guilty. The court sentenced him to four years imprisonment for burglary and one and one-half years for theft, to be served concurrently.

The next day, on October 11, 1995, Wilson petitioned the trial court for postconviction relief. Wilson claimed that: (1) speedy trial rights under the IAD had been violated; (2) his conviction was the result of prosecutorial and judicial misconduct; (3) he was denied the effective assistance of counsel; and (4) his guilty plea was not entered knowingly, intelligently and voluntarily. Record at 28.

On October 31, 1995, the trial court granted Wilson's petition.

On November 3, 1995, the State filed a motion requesting the trial court to set a new trial date. Wilson responded by filing a motion to dismiss the pending charges, claiming the state had violated the speedy trial provisions of the IAD. After the State and Wilson stipulated to the relevant facts, the trial court granted Wilson's motion to dismiss on November 30, 1995. The State now appeals.

## DISCUSSION AND DECISION

■ We need not address the merits. This appeal must be dismissed for lack of jurisdiction. The State failed to file a praecipe within thirty days of the October 31, 1995, judgment granting Wilson's petition for post-conviction relief. The praecipe was due on November 30, 1995, but was not filed until December 28, 1995. Unless a party files the praecipe within the thirty-day period, "the right to appeal will be forfeited." Ind. Appellate Rule 2(A). The State's praecipe was not timely, and the timely filing of a praecipe is a jurisdictional prerequisite.

■ We note that the State's praecipe was filed within 30 days following entry of the order granting Wilson's motion to dismiss on November 30, 1995. However, in its brief, the State makes no mention of the order granting Wilson's motion to dismiss. The State's brief is devoid of any argument or any citation to authority concerning the motion to dismiss, as required by Appellate Rule 8.3(A)(7). Thus, the State has waived consideration of this issue. *J.L. v. Mortell,* 633 N.E.2d 300, 303 (Ind.Ct.App.1994), *trans. denied.*

It is axiomatic that each issue on appeal must be supported by sufficient facts, citation to authority and cogent argument. In countless cases, this court had declined to address, much less decide, issues not presented or briefed. *See id.; Malone v. State,* 547 N.E.2d 1101, 1102 (Ind.Ct.App.1989), *trans. denied.* The supreme court has stated that one of the reasons for Appellate Rule 8.3(A)(7) is that it "promotes impartiality in the appellate tribunal; a court which must search the record and make up its own arguments because a party has presented them in perfunctory form runs the risk of being an advocate rather than an adjudicator." *Keller v. State,* 549 N.E.2d 372, 373 (Ind.1990).

We cannot agree with the dissent's contention that there was nothing more than an "incorrect title" or misnomer in the State's brief, a mere technical error that we should overlook. Neither can we agree that the State simply confused the trial court's order of dismissal with the court's order granting post-conviction relief, nor that the "single issue" presented by the State for review is based on the trial court's grant of the motion to dismiss. While the State's brief mentions the IAD, the dispositive issue raised and argued by the State is whether Wilson voluntarily and knowingly waived his right to a speedy trial by pleading guilty to the crimes charged. That issue was decided by the trial court on October 31, 1995, when it granted Wilson's *petition for post-conviction relief,* and the time for bringing an appeal began to run from that date.

In its brief, the State defines the issue as whether the trial court erred when it granted the petition for post-conviction relief. The State then summarizes its argument as follows:

> The trial court erred when it granted the Petition for Post–Conviction Relief. When Petitioner pleaded guilty, the 180–day period for the commencement of his trial had not yet expired. At the guilty plea hearing, the trial court advised Petitioner he had a right to a speedy trial and that by pleading guilty he was effectively waiving that right. Petitioner confirmed his understanding of this consequence to his guilty plea. Therefore, there was no violation of Petitioner's speedy trial right.

Thus, according to the State, the issue presented for review is whether Wilson's petition for post-conviction relief should have been granted, and the State asks this court to reverse the trial court's grant of post-conviction relief, not its ruling on the motion to dismiss. As we have already noted, there is no reference to the motion to dismiss to be found anywhere in the State's brief.

The propriety of the trial court's ruling on Wilson's motion to dismiss has not been pre-

sented to us for review.[1] Thus, we decline to consider and decide this case on an issue not raised or briefed by the State or to use the November 30, 1995, order on that issue as a vehicle to revive this court's appellate jurisdiction. *See* App. R. 2(A) and 8.3(A)(7).

Affirmed.

SHARPNACK, C.J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

Because I believe the majority has erroneously placed form over substance, I respectfully dissent.

In its appellate brief, the State contends that it is challenging the trial court's grant of Wilson's petition for post-conviction relief, which it asserts the trial court granted on November 30, 1995. In fact, as the majority points out, Wilson's petition for post-conviction relief was granted on October 31, 1995. The majority, therefore, finds that because the State filed its praecipe on December 28, 1995, more than thirty days after the petition for postconviction relief was granted, this court is without jurisdiction to entertain the State's appeal.

The majority opinion, while succinct, ignores some very basic facts. While the State was tardy in appealing the petition for post-conviction relief, its praecipe was timely filed in response to the trial court's grant of Wilson's motion to dismiss on November 30, 1995. Further, although the majority claims that the State's brief is devoid of argument concerning the motion to dismiss, the State's single issue for review is based on the trial court's grant of this motion. Specifically, on appeal, the State challenges the trial court's

determination that it violated the provisions of the IAD. This is the ground upon which the trial court granted Wilson's motion to dismiss, not his petition for post-conviction relief.[2] Thus, the State had the correct date (November 30, 1995) and the correct issue (the IAD), but the incorrect title for the motion the trial court granted. The majority's dismissal of the State's appeal on the basis of this incorrect title, therefore, clearly places the form of this appeal over its substance.[3]

Additionally, I am compelled to dissent to the majority opinion's affirmance of Wilson's tactics in this matter. Here, Wilson waited until the 179th day of the IAD period to plead guilty. Then, on the next day, he petitioned to have that guilty plea set aside, believing that if he was successful, the State would have only one day to file for a new trial pursuant to the IAD. When the State took three days to file for a new trial, he filed his motion to dismiss claiming that the State violated the IAD. Now, on appeal, the majority encourages such tactics by using a technicality, the State's misnomer, to affirm the dismissal of the charges against him. I cannot countenance such a result.

Finally, I dissent because I believe that the State did not violate the provisions of the IAD. Indiana has adopted the IAD at IND. CODE § 35–33–10–4. The IAD requires that a defendant be brought to trial within 180 days after he delivers a request for final disposition of the charges pending against him to the prosecuting office and the appropriate court. *Williams v. State,* 533 N.E.2d 1193, 1194 (Ind.1989). Although the IAD differs from the speedy trial provisions under Indiana's Criminal Rule 4, the case law pertaining to Criminal Rule 4 is instructive when

1. Contrary to the dissent's contention, our opinion does not affirm "Wilson's tactics in this matter." We decide only the question of this court's jurisdiction over this appeal. In our opinion, we neither consider, approve nor disapprove of Wilson's "tactics" in this case.

2. Wilson's petition for post-conviction relief raises several grounds, including: 1) the State violated the IAD, 2) his conviction resulted from prosecutorial and judicial misconduct, 3) he received ineffective assistance of counsel and 4) his guilty plea was not knowingly, voluntarily and intelli-

gently made. R. at 28. The trial court's grant of Wilson's petition, however, was based solely on the fact that Wilson was not instructed that his guilty plea constituted a waiver of his right to a speedy trial. R. at 3–4.

3. Further, I reject the majority's contention that the issue presented in Wilson's motion to dismiss has not been argued or briefed by the State. The State's entire appellate brief contains argument relating to the IAD, which is the sole basis on which the motion to dismiss was granted.

interpreting a defendant's speedy trial rights under the IAD. *Pethtel v. State*, 427 N.E.2d 891, 893 (Ind.Ct.App.1981).

In the instant case, the State's 180 day time limit began to run on March 20, 1995, the date on which the Fountain County Prosecutor received Wilson's request for disposition of the charges.[4] Thus, the State was required to try Wilson by September 16, 1995. However, on September 15, 1995, Wilson pled guilty to the charges. By pleading guilty, Wilson waived his right to a speedy trial. *Wright v. State*, 496 N.E.2d 60, 61 (Ind.1986). Additionally, by pleading guilty, Wilson abandoned his request for speedy disposition under the IAD. *See Payne v. State*, 658 N.E.2d 635, 640–41 (Ind.Ct.App. 1995), *trans. denied* (acceptance of State's plea offer extinguished defendant's earlier request for a speedy trial). The trial court's subsequent action in setting aside the guilty plea did not revive Wilson's earlier request for a speedy trial. Instead, Wilson was required to re-request a disposition of the pending Indiana charges to reinvoke the benefits of the IAD. *Id.* at 641. Because Wilson did not do so, I believe the trial court erred in granting his motion to dismiss on the basis of the speedy trial provisions of the IAD and I would remand this action for further proceedings.

---

**4.** I reject Wilson's argument that the 180 day time limit began to run on March 15, 1995, the date he placed his request in the mail. Appellee's Brief at 9–11. It is well-settled that receipt, not mailing, of a request under the IAD begins the running of the time limit. *Pethtel*, 427 N.E.2d at 893.