**Terrance HOOD, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 45S00–8809–CR–857.**

Supreme Court of Indiana.

Oct. 24, 1990.

James F. Stanton, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. and Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder for which he received a sentence of fifty-five (55) years, and Attempted Murder, a Class A felony, for which he received a sentence of forty-five (45) years, the sentences to run consecutively.

The facts are: On the evening of November 12, 1986, Thomas Newson and William Carter, the decedent, were in Nick's Bar in Gary, Indiana. While there, Newson talked with Mary Burns inquiring where he could buy some marijuana. At that point, appellant approached both of them asking Newson what he wanted. While they talked, Burns observed a .357 magnum on appellant. Appellant, Newson, and Carter left in an automobile.

Newson drove the automobile with Carter in the front passenger seat and appellant in the back seat. As Newson was driving, appellant pulled out a gun and fired it at Carter, who rolled out of the automobile. Appellant instructed Newson to hand over everything that was in his pockets, and as he did so, he exited the automobile but nonetheless was shot by appellant. After being shot, Newson attempted to obtain help but was unable and eventually lost consciousness.

At approximately 2:15 a.m., Officer Robert Holtzman of the Gary Police Department received a dispatch that shots had been fired and a man was down in the area of 3388 Pennsylvania Street. Upon arriving at the scene, Officer Holtzman observed Newson, who had been shot, but he was unable to talk due to his condition. At the same time, the police discovered the body of Carter approximately two blocks from where Newson was found. The automobile was found with bloodstains on the inside. The coroner's report indicated that Carter was shot in the back of the head behind the right ear and the left midback area. Either one of the gunshots could have caused his death.

Appellant contends the trial court erred in denying his pretrial motion to dismiss based on violations of the Interstate Agreement on Detainers (IAD). *See* Ind.Code § 35–33–10–4 (formerly 35–2.1–2–4). He also contends that the trial court erred in finding that he waived the violation of the IAD by not objecting at the time the cause was set for trial.

■ Indiana Code § 35–33–10–4, Article 3, provides that when a person is incarcerated in a party state and another state has lodged a detainer, the prisoner may request

prosecution in the detainer state. When such request is made, he must be prosecuted within one hundred eighty days.

Appellant contends he gave notice causing the one hundred eighty days to expire on February 2, 1988, whereas the State argues time did not expire until June 21, 1988. Trial was commenced on March 28, 1988. However, we do not address the time argument. In passing upon appellant's contention, the trial court stated:

"Secondly, when that date was given, that is March 28th, 1988, there was no objection by the Defendant. And the same provisions that apply to speedy trial demands under Indiana Criminal Rule 4 apply to the Defendant's rights under the Interstate Detainment Act, that is the Defendant may waive certain time limitations.

There was no objection by the Defendant to the March 28th date, 1988. And therefore, he did waive them, even if we could not find a congested docket.

Secondly, even if we go back to the August date, that is August 14th or August 6th, under the Defendant's interpretation of the filing of his demand under the Act, the Court notes that he first appeared in Court on January 28; at which time the Court set the matter for certain appearances. That is a formal appearance was set for January 26. Discovery dates were set for February 9th and February 23rd. There was an Omnibus Hearing set March 8th, 1988. There were no objections to those dates.

When the Defendant appeared in Court on February 23, 1988, the Court did set the matter for pre-trial conference and for trial by jury. There were no objections on that date."

When a trial court sets a trial date which is beyond a period allowed and the defendant is or should be aware that the setting is beyond the time allowed, it is his obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. Failure to voice a prompt objection is deemed a waiver of the issue. *Pasha v. State* (1988), Ind., 524 N.E.2d 310; *Randall v. State* (1983), Ind., 455 N.E.2d 916. In the instant case, there was no prompt objection, and the failure to do so resulted in waiver of the issue. We find no error.

■ Appellant contends there was not sufficient evidence to convict him of the offenses charged and that the trial court erred in denying his motion for judgment on the evidence at the close of the State's case.

The record shows that appellant presented evidence after his motion was denied. This Court has on numerous occasions stated that a defendant who proceeds to produce evidence in his behalf after the trial court denies his motion for judgment on the evidence waives his right to challenge that denial. *See Lowery v. State* (1989), Ind., 547 N.E.2d 1046. A trial court must grant a motion for judgment on the evidence where there is a total absence of evidence on some essential issue or where the evidence is without conflict and susceptible of only the single inference favoring the defendant. *Id.* We find no error.

■ With regard to appellant's contention that there is insufficient evidence to convict him, the record reveals Newson provided eyewitness direct evidence of the events of the crime. Although there are instances where the credibility of Newson may be in question, this evidence must be viewed in light of the standard of review for an appellate court. This Court will uphold the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Butler v. State* (1989), Ind., 547 N.E.2d 270.

Newson informed the jury that he had been drinking that evening but he positively identified appellant as the individual who shot Carter and him.

Appellant contends the testimony of Mary Burns was in direct conflict with Newson's. Although there were some discrepancies between their testimony, her testimony did show that appellant left the

bar with Newson and that each man had a gun. However, Ed Petroskey, who was with Newson earlier in the day, testified that he did not see Newson with a gun nor was evidence presented that a gun was found on Newson when he was discovered. The testimony of both Burns and Newson revealed that appellant's gun did have rubber bands on the handle. Burns testified that she later had contact with appellant in the Lake County Jail and said that he threatened her if she testified in court against him.

When there is conflicting evidence, it is the responsibility of the jury to decide whom they will believe and whom they will not. *Johnson v. State* (1989), Ind., 543 N.E.2d 358. Appellant asks us to review the evidence presented and to weigh the credibility of Newson which we will not do. We find ample evidence to support the jury's conclusion. We find no error.

The trial court is affirmed.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result without separate opinion.