# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SCOTT KNIERIM**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Special Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 04 2012, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK TODISCO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1108-CR-393 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Robert W. Freese, Judge
Cause No. 32D01-0912-FD-198

**April 4, 2012**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In March 2009, Mark Todisco was charged with disorderly conduct and intimidation based on his refusal to cooperate with police during a domestic disturbance at the home of his son and daughter-in-law. After numerous delays, his jury trial was eventually set for September 2010. In August 2010, he filed a motion for discharge under Indiana Criminal Rule 4(C), alleging that he should be discharged due to the State's failure to bring him to trial within one year. The trial court denied his motion, and a jury found him guilty of class B misdemeanor disorderly conduct.

Todisco now appeals, claiming that the trial court erred in denying his motion for discharge. Finding that he waived this issue by failing to promptly and specifically object when the trial date was set beyond the one-year period, we affirm.

**Facts and Procedural History**

On March 8, 2009, police were dispatched to a Plainfield home in response to a domestic disturbance call concerning a young couple. During the ensuing investigation, the young man's father, Todisco, arrived on the scene and began yelling at his daughter-in-law and at her parents, who had also arrived. The officers repeatedly warned Todisco to retreat to his vehicle and stop disrupting their investigation. Todisco eventually complied, but made offensive gestures to police and stated that as a school board member, he would see to it that the officers were fired.

On March 16, 2009, the State charged Todisco with class B misdemeanor disorderly conduct. On March 18, 2009, the trial judge recused himself, and the cause was reassigned.

2

On March 23, 2009, on joint motion of Todisco and the State, his cause was consolidated with a cause against his wife stemming from the same incident. Todisco received two continuances, which delayed the proceedings from May 29 to September 23, 2009. During that time, Todisco sought production of documents from the police department, and the police department filed a third-party appearance.

At a November 4, 2009 pretrial conference, the trial court set a jury trial date of January 25, 2010. On December 17, 2009, the State filed a motion to amend the charges to include one count of class D felony intimidation. The trial court denied the State's motion to amend, but allowed the State to refile the charges as a new filing, setting the following dates: January 28, 2010—initial hearing; May 13, 2010—pretrial conference; and June 21, 2010—jury trial. The trial court subsequently reset the trial date for July 12, 2010. On June 18, 2010, the State filed a motion for continuance based on the unavailability of one of its police officer witnesses. Todisco filed a general objection to the State's motion, but the trial court granted the continuance and reset the trial for September 14, 2010.

On August 11, 2010, Todisco filed a motion for discharge for failure to bring him to trial within the time constraints set by Indiana Criminal Rule 4(C). The State objected, and on September 9, 2010, the trial court denied Todisco's motion, finding that he had failed to timely object to the trial date being set outside the one-year limitation. On October 15, 2010, Todisco filed a petition for interlocutory appeal, which this Court denied on December 3, 2010. On June 27, 2011, a jury convicted Todisco of disorderly conduct. The trial court

3

declared a mistrial on the intimidation count, and the charge was eventually dismissed. Todisco now appeals. Additional facts will be provided as necessary.

**Discussion and Decision**

Todisco asserts that the trial court erred in denying his motion for discharge pursuant to Indiana Criminal Rule 4(C). Although the State suggests that we apply an abuse of discretion standard of review, and we acknowledge that the standard of review for Criminal Rule 4(C) appeals has been somewhat unsettled, we recently concluded that disputed findings of fact are entitled to deference, but legal conclusions are to be reviewed de novo. *Feuston v. State*, 953 N.E.2d 545, 548 (Ind. Ct. App. 2011). Because the trial court did not issue findings of fact in this case, we review this appeal de novo.[1]

The Sixth Amendment to the United States Constitution and Article 1, Section 12 of the Indiana Constitution guarantee the right to a speedy trial. *Blair v. State*, 877 N.E.2d 1225, 1230 (Ind. Ct. App. 2007), *trans. denied* (2008). Regarding the date by which a trial must be held, Criminal Rule 4(C) provides in pertinent part:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar .... Any defendant so held shall, on motion, be discharged.

---

[1] The trial court's order denying Todisco's motion for discharge is not included in the record. As such, we have only its reference in the chronological case summary, which states, "9/9/10 Motion to Discharge is DENIED as Defendant did not timely object to case being set out more than 1 year." Appellant's App. at 10.

4

The duty to bring the defendant to trial within one year rests with the State, and the defendant has no duty to remind either the State or the trial court concerning the State's duty. *Gibson v. State*, 910 N.E.2d 263, 266 (Ind. Ct. App. 2009). Nevertheless, if the defendant seeks or acquiesces in a delay, the one-year time limit is extended by the length of such delay. *State v. Black*, 947 N.E.2d 503, 507 (Ind. Ct. App. 2011). Moreover, a defendant waives his right to a speedy trial if he is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and he does not object to the trial date. *Id*. As such, it is the defendant's "obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. Failure to voice a prompt objection is deemed a waiver of the issue." *Hood v. State*, 561 N.E.2d 494, 496 (Ind. 1990).

The purpose of Criminal Rule 4(C) is to assure early trials, not to discharge defendants. *Black*, 947 N.E.2d at 508. Thus, a defendant may not sit idly by during the permissible one-year period while the trial court sets a trial date outside the parameters of Criminal Rule 4(C). *Id*. at 509. To do so constitutes acquiescence. *Id*.

Here, the State charged Todisco on March 16, 2009. After numerous delays in the form of a judge reassignment, cause consolidation, continuances, and refiling of charges, Todisco's jury trial was eventually set for July 12, 2010, and then for September 14, 2010. Todisco admits that because of his continuances from May 29, 2009 to September 23, 2009, one hundred seventeen days are attributable to him. Appellant's App. at 28. Thus, the State had until July 11, 2010, to bring Todisco to trial. On May 14, 2010, the trial date was reset for July 12, 2010, one day after the new expiration date. The record is devoid of any

5

evidence that Todisco objected at that time. On June 22, 2010, the State requested a continuance due to the unavailability of one of its chief witnesses, and the trial was rescheduled for September 14, 2010. Todisco filed a general objection that day, but he did not specify any basis for his objection. *See id.* at 26 ("Now comes the defendant, by counsel Scott Knierim, would object to a continuance of this matter."); *see also Yurina v. State*, 474 N.E.2d 93, 99 (Ind. 1985) ("[T]o properly preserve an issue for appellate review, one must state with reasonable specificity the grounds for his objection while before the trial court."). It was not until August 11, 2010, in his motion for discharge, that he first raised Criminal Rule 4(C) as a bar to his September 2010 trial date. By the time he filed his discharge motion, the one-year period had been expired for one full month. Todisco had not one, but two, opportunities to raise the speedy trial issue when the trial court could have corrected the untimely trial dates. The first time, he did absolutely nothing, and the second time, he objected to the continuance without specifying any basis. Based on the foregoing, we find no error in the trial court's denial of his motion for discharge. Accordingly, we affirm.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.