**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 11 2013, 10:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CARLOS ULLOA,                           )
                                        )
    Appellant-Defendant,            )
                                        )
      vs.                        )       No. 49A02-1206-CR-463
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Plaintiff.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
The Honorable Grant W. Hawkins, Judge
The Honorable Christina R. Klineman, Master Commissioner
Cause No. 49G05-1105-FA-33025

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Carlos Ulloa ("Ulloa") appeals his convictions on two counts of dealing in cocaine,[1] each as a Class A felony, and one count of dealing in cocaine[2] as a Class B felony. On appeal, Ulloa contends that the trial court erred in denying his motion for discharge pursuant to Indiana Criminal Rule 4(B) because he was not brought to trial within seventy days of his pro se request for a speedy trial.

We affirm.

## FACTS AND PROCEDURAL HISTORY

A paid confidential informant (the "CI") for the Indianapolis Metropolitan Police Department made a controlled buy of cocaine from Ulloa on each of the dates of April 26, 2011, May 6, 2011,[3] and May 10, 2011. On May 16, 2011, the State charged Ulloa with three counts of Class A felony dealing in cocaine and three counts of Class C felony possession of cocaine. During his initial hearing, Ulloa told the trial court that he intended to hire private counsel, and on May 20, 2011, Ronnie Huerta ("Huerta") filed his appearance as Ulloa's attorney. *Appellant's App.* at 8-9. Ulloa's case was set for jury trial on November 9, 2011. On the morning of trial, however, Ulloa fired Huerta because he had failed to file a motion to suppress. The trial court granted Huerta's motion to withdraw and continued the case to allow Ulloa the opportunity to find a new lawyer. *Tr.*

---

[1] *See* Ind. Code § 35-48-4-1(b).

[2] *See* Ind. Code § 35-48-4-1(a).

[3] Ulloa's original information used the date of May 5, 2011; however, after the trial court granted the State's request to amend the information by interlineation, this date was changed to May 6, 2011. *Appellant's App.* at 12-13, 24-25

at 302.[4]

Eight days later, on November 17, 2011, Ulloa, who had not yet obtained replacement counsel, sent to the trial judge a letter, which the trial court deemed to be a pro se request for a speedy trial.[5]  During a review of counsel hearing, held on November 21, 2011, the trial court learned that Ulloa needed appointed counsel.  *Id*. at 308.  That same day, the trial court appointed Attorney Matt Abels ("Abels") as Ulloa's public defender.  *Id*. at 309.  Abels was not present at the hearing, but filed his appearance the next day.  Ulloa then asked the court if he could say a few words.  After advising Ulloa that it would be best to first speak to counsel, Ulloa said, "I would like my attorney to do a Motion to Suppress for the credibility of the CI."  *Id*.  The trial court responded, "Okay. Talk to your lawyer about those things."  *Id*.  "[T]o give enough time for the new lawyer to get up to speed," the trial court proposed a trial date of January 25, 2012—a date that fell within the seventy-day period commencing with the November 17, 2011 letter.  *Id*. at 310.  When the prosecutor stated she was going to be out of town, the trial court set the trial for February 8, 2012—a date that fell outside the seventy-day window for a speedy trial.  Ulloa did not object, but merely stated, "What about the Motion to Suppress, your Honor?"  *Id*.  The trial court responded:  "Talk to your lawyer about that.  If he thinks it's

---

[4] The cover sheets to the transcripts of hearings held on November 9, 2011 and November 21, 2011 each contain a typographical error indicating that the hearings occurred in October instead of November.  *Tr*. at 295, 305.  The second page of each transcript, however, contains the correct November dates.  *Id*. at 296, 306.

[5] During the November 21, 2011 hearing on the motion for discharge, the State argued that Ulloa's letter was not, in fact, a motion for a speedy trial; instead, it was a conditional request for a speedy trial in the event Ulloa's motion to suppress was denied.  *Appellant's App*. at 326.  The trial court disagreed and treated Ulloa's November 17, 2011 letter as a pro se "request for a speedy trial."  *Id.* at 336.

a good idea, he'll file a motion and we'll set it. So you have enough time to get that done between now and then. And your final pretrial will be February 2nd at 1:30." *Id*. Again, Ulloa did not object to the trial date.

Abels and Ulloa attended a pre-trial hearing on both February 2 and February 7, 2012—both dates that fell after the seventy-day deadline. *Id.* at 12. During the February 7 hearing, the trial court granted the State's motion to amend Ulloa's information "by interlineation," changing Count I from a Class A to a Class B felony, and changing Count II from a Class C to a Class D felony. *Appellant's App*. at 12-13, 24-25. When asked by the trial court whether he had any objections, Abels responded, "No." *Id*. at 317. Abels neither objected to the trial date, nor did he make a motion for discharge during the pre-trial hearings on February 2 and February 7, 2012.

On February 8, 2012—the day of trial—Abels moved for Ulloa's discharge pursuant to Criminal Rule 4(B). The trial court, finding that Ulloa did not object to the setting of the trial outside the speedy trial window and that Ulloa's counsel was appointed in sufficient time to object to the trial date, concluded that Ulloa was not entitled to discharge. The trial judge recused, and Ulloa's case was reassigned to another court. *Id*. at 337.

Ulloa's case proceeded to trial on April 19, 2012, and the jury found him guilty of two Class A felonies with their respective lesser-included two Class C felonies, and one Class B felony with its respective lesser-included Class D felony. At sentencing, the trial court merged the lesser included convictions for possession of cocaine into their respective counts of dealing in cocaine and sentenced Ulloa to an aggregate executed

4

sentence of twenty years in the Department of Correction. Ulloa now appeals.[6]

## DISCUSSION AND DECISION

Ulloa contends that the trial court erred in denying his motion for discharge because he was not brought to trial within seventy days of his pro se request for a speedy trial. The speedy-trial issue before us involves a pure question of law; accordingly, the appropriate standard of review is de novo. *Cundiff v. State*, 967 N.E.2d 1026, 1027 (Ind. 2012).

The right of an accused to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 12 of the Indiana Constitution. *Id.* This fundamental principle of constitutional law has long been zealously guarded by our courts. *Id.* "Indiana Criminal Rule 4 generally implements the constitutional right of an accused to a speedy trial." *Id.* Indiana Criminal Rule 4(B)(1) provides in pertinent part that a defendant:

> shall be discharged if not brought to trial within seventy (70) calendar days from the date of [a speedy/early trial motion], except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar.

Under Criminal Rule 4(B), "the State has an affirmative duty to try an incarcerated

---

[6] There are errors in the CCS regarding the trial court's notation of Ulloa's defense attorney. The CCS entries dated November 21, 2011, and February 8, February 14, March 8, March 29, April 11, April 18, and May 14, 2012 each indicate that Matt Abels was Ulloa's attorney. However, the CCS entries for February 2, February 7, February 14, 2012, April 11, April 18, April 19 and May 14, 2012 contain a reference to Huerta being Ulloa's defense attorney. In some instances the CCS reflects that both Huerta and Abels served as Ulloa's counsel at the same time. As late as May 17, 2012, the abstract of judgment, refers to Ulloa's defense attorney as Huerta. *Appellant's App.* at 21. Our review of the record before us indicates that Ulloa was represented by Huerta until he withdrew on November 9, 2011. Although Ulloa stated his intent at the November 9, 2011 hearing to obtain new counsel, Ulloa was not represented by counsel again until November 21, 2011, at which time the trial court appointed Abels as his public defender. Abels entered his appearance on November 22, 2011.

5

defendant who requests a speedy trial within seventy days." *McKay v. State,* 714 N.E.2d 1182, 1186 (Ind. Ct. App. 1999). "The defendant does not have an obligation to remind the State of this duty or to remind the trial court of the State's duty." *Staples v. State,* 553 N.E.2d 141, 143 (Ind. Ct. App. 1990) (referring to one-year limit of Indiana Criminal Rule 4(C)), *trans. denied.* Once the time period under Criminal Rule 4(B)(1) has elapsed, a defendant need only move for discharge. *See State v. Jackson*, 857 N.E.2d 378, 380 (Ind. Ct. App. 2006).

Criminal Rule 4(B), however, "was designed to assure criminal defendants speedy trials, not to provide them with a technical means of avoiding trial." *Smith v. State,* 802 N.E.2d 948, 951 (Ind. Ct. App. 2004). Therefore, "a defendant waives his right to a speedy trial if he is aware or should be aware of the fact that the trial court has set a trial date beyond the applicable time limitation, and he does not object to the trial date." *Todisco v. State*, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012) (referring to one-year limit of Indiana Criminal Rule 4(C)), *trans. denied.* "[I]t is the defendant's 'obligation to object at the earliest opportunity so the court can reset the trial for a date within the proper period. Failure to voice a prompt objection is deemed a waiver of the issue.'" *Id.* (quoting *Hood v. State,* 561 N.E.2d 494, 496 (Ind. 1990)).

Ulloa retained Huerta as private counsel on May 20, 2011—four days after Ulloa had been charged with the six felony counts. Prior to the commencement of trial, Ulloa expressed dissatisfaction with Huerta's failure to file a motion to suppress. The trial court stated: "[I]f you're not happy with your lawyer, don't have faith in him, even though I think he's advised you properly, I'll grant you a continuance to find a new

6

lawyer.  Is that what you want to do?" *Tr*. at 302.  Ulloa responded, "Yes." *Id*.  At that point, it was clear that Ulloa still intended to be represented by counsel.

Eight days later, on November 17, 2011, Ulloa, who had not yet obtained replacement counsel, sent a letter to the trial judge.  This letter provided:

> Honorable Judge
>
> I would like to address to the court a "<u>Judicial Notice</u>" concerning my legal defense of my attorney filing a <u>Motion to Sup[p]ress</u> in my behalf challenging the <u>Credible</u> [sic] <u>and Reliability</u> of the CI that was used in the alleged Drug Buy that CI had done a Control Buy.
>
> [I]n my case, the CI citing under <u>Methene v. State</u> also <u>Gates v. Illinois</u> was not searched befor[e] being used under control circumstances when the officer sent the CI to purchase alleged drug in my case for which I'm charged with <u>Dealing in Cocain[e].</u>
>
> Also the affidavit failed to show CI was <u>Credible and Reliable</u> and that the CI was properly search [sic] for drugs befor[e] and after the alleged control buy.
>
> In my case and the legality for these strict procedure [sic] that were not proper under my 4[th] Amend[ment] Const.  After my own research in Methene v. State the Ind[iana] Supreme Court ruled that the Probable Cause Affidavit failed to show the Control Buy were adiquit [sic] and in that the Information in the Affidavit was stale in showing Probable Cause in my case.  Wherefor[e] I ask that my attorney be informed that this is my decision and respectfully ask this court to suppress evidence in this motion.
>
> If this motion is denied by this court, I request a fast and speedy jury trail [sic] on my behalf.

*Appellant's App*. at 35.  While Ulloa never expressed a desire to act pro se, the trial court gave Ulloa the benefit of allowing this November 17, 2011 letter to be considered a pro se request for a speedy trial.

Ulloa had no obligation to remind the State or the trial court of his request for a

speedy trial. *Staples,* 553 N.E.2d at 143. However, when the trial court set the trial date outside the seventy-day window for a speedy trial, Ulloa had the "obligation to object at the earliest opportunity so the court [could] reset the trial for a date within the proper period." *Todisco*, 965 N.E.2d at 755. Had Ulloa been acting pro se, he would have been "held to the same established rules of procedure that trained legal counsel is bound to follow." *Terpstra v. State,* 529 N.E.2d 839, 842 (Ind. Ct. App. 1988). The trial court was not required to protect Ulloa from himself. *Hill v. State*, 773 N.E.2d 336, 346-47 (Ind. Ct. App. 2002), *trans. denied, cert. denied,* 540 U.S. 832 (2003). Ulloa did not object to the trial court setting his trial for February 8, 2012, and thereby waived his right to a speedy trial.

In an effort to avoid waiver, Ulloa argues that his failure to object must be excused because he was denied counsel at a critical juncture—the November 21 hearing. We disagree that Ulloa was denied counsel. Here, Abels filed his appearance on November 22, 2011—more than sixty-five days before the expiration of the seventy-day speedy trial deadline. *Appellant's App*. at 37. During those sixty-five days, Abels never objected to the trial date. In fact, Abels's actions reflected an intention to go to trial on February 8, 2012: on December 15, 2011, he filed notices of depositions to be taken on January 13, 2012; and on January 26, 2012, the seventieth day after Ulloa filed his pro se motion for a speedy trial, Abels filed a Notice of Taped Statement of the CI and a motion to compel discovery.[7] *Id*. at 38-44. Additionally, the CCS reveals that Abels and Ulloa attended a

---

[7] In the motion to compel discovery, Abels stated, "In order to properly prepare for trial and effectively represent the defendant, counsel and defendant need to be able to view [audio and video recordings in this case] prior to the day of trial." *Appellant's App*. at 43.

8

pre-trial hearing on both February 2 and February 7, 2012—both dates after the seventy-day deadline. *Id.* at 12.

On the day of trial, the following colloquy occurred between the trial judge and defense counsel regarding Ulloa's motion for discharge pursuant to Criminal Rule 4(B):

> THE COURT: Does not the defendant and you have an obligation to object to a trial setting outside the seventy day limit, Mr. Abels?
>
> MR. ABELS: I believe there are some cases that ---
>
> THE COURT: Some?
>
> MR. ABELS: --that indicate that ---
>
> THE COURT: I think they all do don't they?
>
> MR. ABELS: Well, yeah case law indicates that but I wasn't app --- or I wasn't representing him at the time. I never received a copy of the Motion because it was ---
>
> THE COURT: It was in the file.
>
> MR. ABELS: Right, I understand.
>
> THE COURT: A five minute review of the file.
>
> MR. ABELS: I understand.
>
> THE COURT: And you had appeared well within the time to object and request an earlier trial setting which the Court could have set had it been done in a timely fashion, true?
>
> MR. ABELS: That's correct.

*Tr.* at 325-26. Ultimately, the trial court concluded:

> The Court finds that—that the defendant in this case did request an early trial, while he was Pro Se, the court set the matter for trial outside the seventy day limit. There was no objection to the trial setting outside the seventy day limit by the defendant Pro Se or by his counsel of record. The

9

Court concludes therefore that the defendant is not entitled to discharge. And we will continue going forward today. Where are we, are we ready to proceed today?

*Id*. at 331.

The trial court determined that Ulloa filed a pro se request for a speedy trial. Ulloa, however, never objected to his trial being set beyond the seventy-day deadline. Abels likewise did not object even though he admitted that he "appeared well within the time to object and request an earlier trial setting which the Court could have set had it been done in a timely fashion" *Id*. at 326. By failing to object, Ulloa's seventy-day, speedy trial request was waived. Therefore, the trial court did not err in denying Ulloa's motion for discharge pursuant to Criminal Rule 4(B) when he was not brought to trial within seventy days of his pro se request for a speedy trial.

Affirmed.

MATHIAS, J. and CRONE, J., concur.