## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2016, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Michael J. Spencer
Noah T. Williams
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Scott Afanador,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 13, 2016<br><br>Court of Appeals Cause No.<br>53A01-1509-CR-1326<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Mary Ellen Diekhoff, Judge<br><br>Trial Court Cause No.<br>53C05-1207-FB-669 |

**Barnes, Judge.**

# Case Summary

[1] Scott Afanador appeals the trial court's denial of his motion for discharge pursuant to Indiana Rule of Criminal Procedure 4(C). We affirm.

# Issue

[2] The sole restated issue is whether the trial court properly calculated the time permitted under Indiana Rule of Criminal Procedure 4(C) to bring Afanador to trial.

# Facts

[3] On July 17, 2012, the State charged Afanador with (1) Class B felony robbery; (2) Class B felony unlawful possession of a firearm by a serious violent felon; (3) Class C felony carrying a handgun without a license; (4) Class D felony criminal recklessness; and (5) Class D felony theft. The State also alleged Afanador to be an habitual offender.

[4] There were a number of delays in bringing Afanador to trial. Those delays included, among other things, motions to suppress and petitions for interlocutory review Afanador filed and continuances the State requested. On July 31, 2014, the trial court denied Afanador's second motion to suppress. The trial court granted Afanador's motion to certify the order for interlocutory appeal, and Afanador filed a timely petition for interlocutory review on September 4, 2014. This court denied that motion on October 3, 2014. On June 23, 2015, the trial court entered that order on its docket and set the case for pretrial conference.

On July 1, 2015, Afanador filed a motion to dismiss pursuant to Indiana Rule of Criminal Procedure 4(C). The trial court denied Afanador's motion on August 4, 2015, and scheduled a jury trial for August 17, 2015. At Afanador's request, the trial court then stayed the trial proceedings and certified its August 4, 2015 order for interlocutory appeal. We accepted interlocutory jurisdiction of this matter on October 9, 2015, pursuant to Indiana Rule of Appellate Procedure 14(B).

## Analysis

Criminal Rule 4(C) provides that a defendant may not be held to answer a criminal charge for a period in aggregate of greater than one year unless the delay is caused by the defendant, an emergency, or court congestion. "The duty to bring the defendant to trial within one year rests with the State, and the defendant has no duty to remind either the State or the trial court concerning the State's duty." Todisco v. State, 965 N.E.2d 753, 755 (Ind. Ct. App. 2012), trans. denied. Although the purpose of Criminal Rule 4(C) is to create early trials, not to discharge defendants, a defendant may seek and be granted a discharge if he or she is not tried within the dictates of the rule. See McCloud v. State, 959 N.E.2d 879, 884 (Ind. Ct. App. 2011), trans. denied.

Our supreme court recently observed there has been "some confusion about what the standard of review should be in reviewing appeals of Criminal Rule 4 motions." *Austin v. State*, 997 N.E.2d 1027, 1038 (Ind. 2013). The court held that in cases where a trial court makes a finding of fact regarding congestion or emergency under Criminal Rule 4 based on disputed facts, the standard of

appellate review is the clearly erroneous standard. *Id.* at 1040. "[I]n cases where the issue is a question of law applied to undisputed facts, the standard of review—like for all questions of law—is de novo." *Id.* at 1039. The facts in this case are not in dispute. We review the trial court's order under the de novo standard of review.

[8] In his Appellant's Brief, Afanador contends there are two periods of time that should be attributed to the State for purposes of a Criminal Rule 4(C) calculation. The first is the time during which his September 2014 petition for interlocutory review was pending before this court. The second is the 263-day period that elapsed between this court's October 3, 2014 order denying interlocutory review and June 23, 2015, the date on which the trial court entered that order on its docket. *See* Appellant's Br. pp. 9-13. In his Reply Brief, however, Afanador concedes his argument regarding the first contested period of time—during which his petition for interlocutory review was pending—and agrees that time should be attributed to him. Reply Br. p. 8, n.3. In light of that concession, we address only Afanador's argument regarding the 263 days that elapsed between our order denying interlocutory review and the trial court's entering that order on its docket.

[9] The trial court's order denying Afanador's motion to dismiss and for discharge stated:

> 1. Defendant was charged on July 17, 2012.

2. As of July 1, 2015, 2015 it has been 1,079 days since Defendant was charged.

3. Defendant moved to continue six times, causing 242 days of delay.

4. Defendant filed motions to suppress on three separate occasions, causing 183 days of delay.

5. Defendant filed two motions to certify interlocutory appeal causing 114 days of delay.

6. State moved to continue 4 times, causing 179[1] days of delay.

7. The pretrial conference scheduled for February 11, 2014 was rescheduled to February 13, 2014 because the presiding judge was unavailable, causing a delay of two days.

8. The State moved to vacate in order for both sides to file written briefs on May 9, 2014, causing a 66 day delay. The Defendant did not object to this delay.

9. On October 3, 2014, the Court of [A]ppeals denied the Defendant's second motion to certify interlocutory appeal.

---

[1] We note that the trial court's order does not indicate whether Afanador objected to the State's continuances. Because Afanador does not argue that the trial court incorrectly attributed the 179 days of delay for the State's continuances to him, he has waived any argument regarding allocation of those days. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006). We, therefore, do not endeavor to determine whether the trial court properly charged Afanador with those days.

10. On June 23, 2015, the Trial Court and the State received notice of the Court of Appeals' order.

11. The time between the Court of Appeals' order and the time the Trial Court received the order was 263 days.

12. On July 1, 2015, Defendant filed a motion to dismiss and discharge, causing a 34-day delay.

* * * * *

There are 820 days of delay directly attributable to the [sic] or to which the defendant did not object, giving the Court 1,185 days to bring this cause to trial before violating Criminal Rule 4(C). As of August 4, 2015 [the date of the order], the Court has 72 days remaining to bring the cause to trial in a timely manner.

App. pp. 420-21.

Our review of this order reveals the trial court did not include the disputed 263 days in its calculation of Criminal Rule 4(C) time. In order to reach the "820 days of delay directly attributable to the [sic] or to which [Afanador] did not object," the trial court appears to have added the following:

1. 242 days for Afanador's continuances;

2. 183 days for Afanador's motions to suppress;

3.     114[2] days for Afanador's two motions to certify interlocutory appeal;

4.     179 days for the State's four continuances;

5.     two days for a pretrial conference that was rescheduled because the presiding judge was unavailable;

6.     sixty-six days for the State's request to vacate so that the parties could file briefs; and

7.     34 days for Afanador's motion to dismiss and discharge.

*See* App. p. 420.  The sum of those seven numbers is 820, the number of days of delay the trial court attributed to Afanador as of its August 4, 2015 order.  It does not include the 263 days claimed by Afanador.

[10]  In order to determine the date by which the State was required to bring Afanador to trial in compliance with Criminal Rule 4(C), we next add to the 820 days of delay the 365 days provided for by the rule.  The sum of those numbers is 1,185 days.  The State charged Afanador on July 17, 2012.  It was required to bring him to trial 1,185 days later:  on or before October 10, 2015.[3]

---

[2] Afanador does not agree this calculation is accurate.  Instead, he contends the periods of interlocutory appeal amounted to only 93 days of delay.  He concedes, however, "This discrepancy is not central to the Appellant's argument . . . ."  Appellant's Br. p. 10, n.3.  Because the twenty-one-day discrepancy to which Afanador points does not change our conclusion, and because Afanador does not pursue his contention regarding this calculation with a cogent, reasoned argument as required by Indiana Rule of Appellate Procedure 46(A)(8), he has waived it.  We will use the 114-day figure from the trial court's order in our own calculation.

[3] We note the trial court concluded that, as of August 4, 2015, seventy-two days remained during which it must try Afanador in order to comply with Criminal Rule 4(C).  When we calculate August 4, 2015, plus

Afanador filed his motion for discharge on July 1, 2015. The relevant time period in a Criminal Rule 4(C) calculation is the date on which the defendant was charged until the date he or she filed a motion to dismiss and discharge. *Curtis v. State*, 948 N.E.2d 1143, 1149 (Ind. 2011). Here, that period was only 1,084 days. The trial court concluded the time allowed by Criminal Rule 4(C) had not yet expired at the time it denied Afanador's motion on August 4, 2015. Although the trial court erroneously calculated the relevant time period from the date the State charged Afanador to the date the trial court denied his motion for discharge, for the foregoing reasons, we agree with its conclusion.

## Conclusion

The trial court did not, as Afanador contends attribute the time that elapsed between this court's October 3, 2014 order denying interlocutory review and June 23, 2015, the date on which the trial court entered that order on its docket, to Afanador in its Criminal Rule 4(C) calculation. We affirm.[4]

Affirmed.

Robb, J., and Altice, J.. concur.

---

seventy-two days, we arrive at October 15, 2015. It is not clear why there is a discrepancy between our calculation and the trial court's, but it does not change our conclusion.

[4] We note that neither party's brief includes a calculation of the time at issue or suggests a date by which the State was required to bring Afanador to trial. That information would have been helpful to our review of this case and may well have resulted in a more efficient resolution of this matter.