

**FILED**

Sep 01 2017, 9:50 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Stephen Gerald Gray
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph K. Hoskins and Daniel McLayea, *Appellants-Defendants,* v. State of Indiana, *Appellee-Plaintiff* | September 1, 2017 |
| | Court of Appeals Case No. 49A02-1612-CR-2860 |
| | Appeal from the Marion Superior Court |
| | The Honorable Jose D. Salinas, Judge Trial Court Cause No. 49G14-1506-F6-21151 |
| | The Honorable Shatrese M. Flowers, Judge Trial Court Cause No. 49G20-1506-F5-22744 |

**Baker, Judge.**

[1] Joseph Hoskins and Daniel McLayea appeal the trial courts' denials of their respective motions for discharge pursuant to Indiana Criminal Rule 4.[1] Finding that a trial date was set for both appellants outside the one-year limit set by Rule 4(C), we reverse and remand.

# Facts

### *Hoskins*

[2] On June 17, 2015, the State charged Hoskins with Level 6 felony dealing in marijuana and Class A misdemeanor possession of marijuana. An initial hearing was held and Hoskins posted bond the same day. The first trial setting for Hoskins was scheduled for February 8, 2016. Between June 17, 2015, and February 8, 2016, the parties were engaged in discovery. Hoskins delayed one pretrial conference from August 18 to September 3, 2015. On February 3, 2016, Hoskins moved to continue his trial. The trial court granted the motion and reset the trial for April 4, 2016.

[3] On March 30, 2016, the State moved to continue the trial; the trial court granted the motion and set a trial date of July 11, 2016. On July 6, 2016, the State again moved to continue the trial. Hoskins objected and the trial court overruled the objection, resetting Hoskins's trial to September 26, 2016.

---

[1] While the appellants' cases below were dealt with separately by the two trial courts, they have been consolidated for this appeal.

[4] On September 14, 2016, Hoskins moved for discharge under Indiana Criminal Rule 4(C). He noted that the time interval from June 17, 2015, to September 26, 2016, is a total period of 467 days; he admits that 72 days of delay are chargeable to him but argues that the remaining balance of 395 days is charged to the State. Following a hearing, the trial court denied the motion for discharge. Hoskins now brings this interlocutory appeal.

## *McLayea*

[5] On June 30, 2015, the State charged McLayea with Level 5 felony dealing in marijuana with a prior conviction and Level 6 felony possession of marijuana with a prior conviction. On July 1, 2015, an initial hearing was held and McLayea posted bond; the trial court set a trial date of October 21, 2015. Counsel entered an appearance for McLayea on July 6, 2015.

[6] On October 15, 2015, the State moved to continue the trial, and the trial court rescheduled the trial to February 10, 2016. On February 1, 2016, McLayea moved to continue the trial; the trial court granted the motion and reset the trial for June 20, 2016. On June 15, 2016, the State moved to continue the trial; the trial court granted the request and rescheduled the trial for October 3, 2016.

[7] On September 28, 2016, the State moved to continue the trial. The deputy prosecutor explained that while preparing for trial, he had reviewed telephone calls from the jail indicating that "evidence of highly probative value" was on cell phones discovered by law enforcement. McLayea Tr. p. 2-4. The deputy prosecutor explained that the forensic services unit could accommodate the

October 3, 2016, trial date by providing their analysis of the phones on October 2. But the State noted that it would provide no time for McLayea to evaluate the new evidence and, if McLayea moved to exclude it at trial, his remedy would be a continuance. McLayea objected to a continuance of the trial but then stated that, if the evidence were admitted at trial, he "would need some time to examine the warrant that they're going to get to search these phones, and there maybe [sic] some suppression issues . . . so I would just hope that the court would give me enough time to look at the warrant [and] have meaningful consultation with my client." *Id.* at 5. The trial court granted the State's motion to continue, asking McLayea if he wished to have a trial on October 31 or November 14, 2016; McLayea replied that he was not available on October 31, so the trial was reset for November 14, 2016.

[8] On November 9, 2016, McLayea moved for discharge under Indiana Criminal Rule 4(C). Following a hearing, the trial court denied McLayea's motion. McLayea now brings this interlocutory appeal.

# Discussion and Decision

[9] Indiana Criminal Rule 4(C) provides, in pertinent part, as follows:

> No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later; except where a continuance was had on his motion, or the delay was caused by his act . . . .

In reviewing a trial court's ruling on a motion for discharge, we apply a de novo standard of review to issues of law and to the application of law to undisputed facts. *Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013). We review resolution of disputed factual issues for clear error, which is that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* at 1039-40.

# I. Hoskins

Turning first to Hoskins, the timeline is as follows:

- June 17, 2015: charges were filed.
- July-October 2015: discovery ongoing, pretrial conferences held.
- August 18, 2015: Hoskins moves to continue a pretrial conference. It is reset for September 3, 2015. This delay of **16 days** is undisputedly charged to Hoskins.
- November 12, 2015: trial court sets a trial date of February 8, 2016.
- February 3, 2016: Hoskins moves to continue the trial. The trial court grants the motion and reschedules the trial to April 4, 2016. This delay of **56 days** is undisputedly charged to Hoskins.
- March 30, 2016: State moves to continue the trial. The trial court grants the motion and reschedules the trial to July 11, 2016. This is a delay of **98 days**.
- July 6, 2016: State again moves to continue the trial; Hoskins objected. Over Hoskins's objection, the trial court grants the motion and reschedules the trial to September 26, 2016. This is a delay of **77 days**.

In sum, a total of 467 days elapsed between the filing of charges and the September 26, 2016, trial date. It is undisputed that 72 of those days are charged to Hoskins; that leaves a remaining balance of 395 days, which exceeds the 365-day limit put in place by Rule 4(C). We must determine, therefore, whether any of the remaining 395 days are chargeable to Hoskins.

[11] The State argues that the clock does not begin running until July 23, 2015, when Hoskins retained counsel. We disagree. The cases to which the State cites in support of this assertion involve situations in which defendants caused delays by making late requests for changes of counsel or waiting for unreasonable amounts of time to retain counsel. *See Andrews v. State*, 441 N.E.2d 194 (Ind. 1982) (defendant obtained new counsel well into litigation after trial date had been set); *Little v. State*, 275 Ind. 78, 415 N.E.2d 44 (1981) (defendant discharged public defender to hire private counsel after trial dates had been set and case had been ongoing for some time); *State ex rel. Sheppard v. Circuit Court of Clark County*, 274 Ind. 602, 413 N.E.2d 258 (1980) (same); *Eguia v. State*, 468 N.E.2d 559 (Ind. Ct. App. 1984) (defendant failed to request public defender or obtain counsel for over five months after the initial hearing). In this case, Hoskins did not change trial counsel, wait an unreasonable amount of time to retain counsel, or in any way delay the setting of the trial with respect to the retention of counsel. Under these circumstances, we decline to toll the running of the 365-day clock until Hoskins retained counsel; as a result, the clock began ticking on June 17, 2015—the day on which the State filed the charges.

[12] The State next argues that the entire delay between August 18, 2015, and the first trial date setting of February 8, 2016, should be charged to Hoskins. Again, we disagree. While the State frames Hoskins's August 2015 motion as one to continue the trial, in fact, no trial date had even been set at that point. Instead, he merely moved to continue a pretrial status conference, and as noted

above, is charged with the sixteen-day delay as a result of that motion. There is simply no reason to charge Hoskins with more of a delay than that for this period of time.

[13] Next, we must consider the 98-day delay from April 4 to July 11, 2016, and the 77-day delay from July 11 to September 26, 2016—a total delay of 175 days. Both of these continuances were requested by the State, and Hoskins objected to the second continuance, which resulted in a trial date set outside the 365-day limit. On appeal, the State argues that Hoskins should be charged with the delay.[2] Its argument amounts to the following:

- When Hoskins was arrested on June 16, 2015, law enforcement seized three cell phones.
- The State did not investigate the content of the cell phones.
- Therefore, on February 3, 2016, Hoskins requested that the cell phones be returned because the State had yet to request and execute a search warrant, so the phones had no evidentiary value.
- Because of Hoskins's request, the State decided to search the cell phones.
- As a result of the search of the cell phones and interpretation of the forensic data, the State had to request that the trial be continued.

In other words, the State argues that the delay resulted because Hoskins requested the return of his property, which caused the State to finally search the

[2] Below, the State contended that because Hoskins did not object to the continuance from April 4 to July 11, 2016, he is charged with that 98-day delay. The State has abandoned this argument on appeal. We agree with Hoskins that he did not waive his rights under Criminal Rule 4 because he failed to object to a July 11 trial date, as that date was still well within the 365-day time limit. His objection was not "ripe" until the trial court set a trial date beyond the one-year period, and when that occurred, he did object. *See Cook v. State*, 810 N.E.2d 1064, 1068 n.3 (Ind. 2004) (observing that "a defendant's agreement to a continuance sought by the State is not chargeable to the defendant and does not extend the time period of Crim. R. 4(C)").

cell phones. The State directs our attention to well-settled authority that "delays caused by action taken by the defendant are chargeable to the defendant," *Cook*, 810 N.E.2d at 1067, contending that this delay was caused by Hoskins's request for the return of his property.

[14] Initially, we note that the State has waived this argument as it raises it for the first time on appeal. *E.g.*, *Harbert v. State*, 51 N.E.3d 267, 279 (Ind. Ct. App. 2016), *trans. denied*. Waiver notwithstanding, the State had these cell phones in its possession from the time of Hoskins's arrest in June 2015 until Hoskins requested their return in February 2016. That the State waited *eight months* to search the phones is certainly not Hoskins's fault, and the delay caused by the State's extraordinarily belated search of evidence is in no way chargeable to Hoskins. We agree with Hoskins that the "State made a strategic decision to delay the trial and seek a search warrant to conduct a search that could have been conducted months earlier." Hoskins Reply Br. p. 7. Consequently, the 175-day delay between April 4 and September 26, 2016, is not chargeable to Hoskins and is included in the Rule 4(C) one-year clock.

[15] From June 17, 2015, and September 26, 2016, a total of 467 days passed. Of those days, 72 are charged to Hoskins, leaving a remaining balance of 395 days. This exceeds Rule 4(C)'s one-year limit. Consequently, Hoskins's motion for discharge should have been granted, and we reverse and remand.

# II. McLayea

[16] Turning next to McLayea, the underlying timeline of his case is as follows:

- June 29, 2015: the State filed criminal charges against McLayea.
- July 1, 2015: trial court held an initial hearing and set a trial date of October 21, 2015.
- October 15, 2015: the State moved to continue the trial. The trial court granted the motion and the trial was reset for February 10, 2016. This resulted in a delay of **112 days**.
- February 1, 2016: McLayea moved to continue the trial. The trial court granted the motion and the trial was reset for June 20, 2016. This resulted in a delay of **131 days** and is chargeable to McLayea.[3]
- June 15, 2016: the State moved to continue the trial. The trial court granted the motion and the trial was reset for October 3, 2016. This resulted in a delay of **105 days**.
- September 28, 2016: the State moved to continue the trial. McLayea objected to the continuance. The trial court granted the State's motion, and the trial was reset for November 14, 2016. This resulted in a delay of **42 days**.

In sum, a total of 504 days passed between June 29, 2015, when charges were filed against McLayea, and November 14, 2016, when his final trial date was set. It is undisputed that 131 days are charged to McLayea, leaving a balance of 373 days.

[17] As with Hoskins, the State argues that the seven-day period during which McLayea selected counsel—July 1 through July 6, 2015—is charged to

---

[3] The State argues that we should calculate the delay from the date on which McLayea filed the motion rather than from the originally-scheduled trial date. It cites to *Mefford v. State*, in which this Court held that "when a defendant seeks a continuance, the time between his motion for a continuance and the new trial date is excluded from the one-year time limit." 51 N.E.3d 327, 333 (Ind. Ct. App. 2016). In support of this proposition, the *Mefford* Court cited to *Todisco v. State*, but *Todisco* does not, in fact, support the proposition. 965 N.E.2d 753, 756 (Ind. Ct. App. 2012). Instead, *Todisco* holds that a defendant is charged with the delay that is caused by his act, which is measured from trial date to trial date. *Id.* We believe the *Todisco* approach to be more consistent with Rule 4(C) and decline the State's invitation to measure the delay in this case from the date on which McLayea filed the motion to continue.

McLayea. For the reasons stated above, we disagree with this argument and decline to do so.

[18] The State focuses its remaining argument on its final request for a continuance, which resulted in a delay of forty-two days. At the hearing, the deputy prosecutor explained that law enforcement had seized three cell phones at the time of McLayea's arrest, but the State had not yet searched the phones:

> Generally, so long as my case isn't really crappy, I don't get our phones analyzed, because our forensic unit is pretty overcrowded from homicide, rape cases, and things like that.

> ***

> Unless I know some things [sic] going to be on them. . . . I was reviewing some jail calls last night, and this morning. On several of those jail calls there's information that the Defendant relays to, who he's talking to, that would indicate there be [sic] evidence of highly probative value on those cell phones.

> ***

> So, I am seeking a search warrant for that this afternoon. I've contacted our forensic unit. . . .

McLayea Tr. p. 2-3. This case is similar to Hoskins's in that the State waited until the last minute to listen to jail calls and analyze the cell phones that had been in its possession for months. As with Hoskins, in our view it would be unfair to charge McLayea with the delay in the trial that resulted from the way in which the State conducted its case.

[19] The State points out that when the trial court granted the State's motion to continue the previously-scheduled trial date of October 3, it offered October 31, 2016, as its earliest possible setting. McLayea's attorney was unavailable for an October 31 hearing, so the trial court set it for November 14, 2016. According to the State, McLayea should be charged with the days between October 31 and November 14. We disagree. McLayea clearly objected to any continuance whatsoever, nor did he "acquiesce[]" to a November trial date, as argued by the State. Appellee's Br. p. 22. The State should have requested a trial date within the one-year rule when the trial court chose to set the trial outside that period. McLayea had "no obligation to remind the court of the State's duty [to bring a defendant to trial within one year], nor is he required to take any affirmative action to see that he is brought to trial within the period." *Leek v. State*, 878 N.E.2d 276, 277 (Ind. Ct. App. 2007). McLayea objected to a new trial date; the trial court overruled that objection; and the burden was with the State to find a new trial date within the requisite one-year period. Under these circumstances, McLayea's motion for discharge should have been granted. We reverse and remand.

[20] The judgment of the trial court is reversed and remanded with respect to both appellants.

Bailey, J., and Altice, J., concur.